SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------X

JOHN GRIMES and LINDA PHELPS,

        Plaintiff,

- against –

CBS CORPORATION, f/k/a VIACOM INC.,
successor by merger to CBS CORPORATION,
f/k/a WESTINGHOUSE ELECTRIC
CORPORATION,

CRANE CO.

FOSTER WHEELER, L.L.C.,

GENERAL ELECTRIC COMPANY,

        Defendants.

----------------------------------------------------------X

Index No.
Date of Filing:

**SUMMONS**

Plaintiff designates
NEW YORK COUNTY
as the Place of Trial

Plaintiff resides at:
95 Deerfield Lane North
Pleasantville, NY 10570

***TO THE ABOVE NAMED DEFENDANTS:***

    ***You are hereby summoned*** to answer in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not to personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
       October 3, 2017

          PHILLIPS & PAOLICELLI, LLP
          *Attorneys for Plaintiff*

          Brendan J. Tully
          747 Third Ave., 6th Fl.
          New York, NY 10017
          (212) 388-5100

TO:

{00034776}

CBS CORPORATION, f/k/a VIACOM
INC., successor by merger to CBS
CORPORATION, f/k/a WESTINGHOUSE
ELECTRIC CORPORATION,
Sedgwick LLP
101 Eisenhower Parkway, Suite 300
Roseland, NJ 07068

CRANE CO.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

FOSTER WHEELER, L.L.C.
Perryville Corporate Park
P.O. Box 4000
Clinton, NY 08809

GENERAL ELECTRIC COMPANY
c/o Harry J. King, Esq.
Electric Insurance Company
75 Sam Fonzo Drive
Beverly, MA 01915

{00034776}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

JOHN GRIMES,

            Plaintiff,

- against –

CBS CORPORATION, f/k/a VIACOM INC.,
successor by merger to CBS CORPORATION,
f/k/a WESTINGHOUSE ELECTRIC
CORPORATION,

CRANE CO.

FOSTER WHEELER, L.L.C.,

GENERAL ELECTRIC COMPANY,

            Defendants.

-------------------------------------------------------X

Index No.
Date of Filing:

**<u>COMPLAINT</u>**

Plaintiff demands trial by jury

***TO THE ABOVE NAMED DEFENDANTS:***

    Plaintiff, by his attorneys, PHILLIPS & PAOLICELLI, LLP, for his Complaint,

respectfully alleges as follows:

    1.    Plaintiff repeats and realleges Phillips & Paolicelli's New York City Asbestos

Litigation Standard Complaint No. 1 as if fully incorporated herein.[1]

    2.    Plaintiff is a citizen of the United States and currently resides in Pleasantville,

New York.

    3.    Plaintiff John Grimes has been diagnosed with malignant mesothelioma as a

result of his regular and repeated exposure to asbestos from the Defendants' asbestos-containing

products. Plaintiff John Grimes was regularly and repeatedly exposed to asbestos from

---

[1] A copy of Phillips & Paolicelli's New York City Asbestos Litigation Standard Asbestos
Complaint for Personal Injury No. 1, is attached hereto as Exhibit "A."

Defendants' asbestos-containing products while living and working in New York City. Plaintiff meets the minimum requirement for activation into the active docket pursuant to the Case Management Order governing these actions.

## PARTIES

4. At all times relevant, CBS CORPORATION was a foreign business corporation organized under the laws of the State of Delaware, with its principal place of business in New York.

5. At all times relevant, CRANE CO. was a foreign business corporation organized under the laws of the State of Delaware, with its principal place of business in Connecticut.

6. At all times relevant, FOSTER WHEELER, LLC was a foreign business corporation organized under the laws of the State of Delaware, with its principal place of business in New Jersey.

7. At all times relevant, GENERAL ELECTRIC COMPANY was a foreign business corporation organized under the laws of the State of Connecticut, with its principal place of business in Connecticut.

## AUTHORIZATIONS

8. An application for Plaintiff's social security records from the Social Security Administration was made by Plaintiff's counsel on September 28, 2017 and authorizations to obtain plaintiff's social security records will be provided to RecordTrak once a docket number is assigned.

**WHEREFORE,** Plaintiff demands judgment against Defendants on the causes of action herein, and incorporated by reference in Phillips & Paolicelli's New York City Asbestos

2{00034776}

2

Litigation Standard Complaint for Personal Injury No. 1, in an amount exceeding the

jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

Dated: New York, New York
      October 3, 2017

PHILLIPS & PAOLICELLI, LLP
*Attorneys for Plaintiff*

Brendan J. Tully
747 Third Ave., 6th Fl.
New York, NY 10017
(212) 388-5100

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE:     NEW YORK CITY<br>            ASBESTOS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br><br><br>PHILLIPS & PAOLICELLI, LLP CASES | Index No.: 40000<br><br>PHILLIPS & PAOLICELLI, LLP<br>STANDARD ASBESTOS COMPLAINT<br>FOR PERSONAL INJURY NO. 1<br><br>SUMMONS<br><br>Plaintiff designates NEW YORK County<br>as the Place of Trial<br><br>The Basis of Venue is Defendants' Place<br>of Business |

**TO THE ABOVE NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your Answer, *or,* if the Complaint is not served with this Summons, to serve a Notice

of Appearance, on the Plaintiff's attorney within 20 days after the service of this Summons,

exclusive of the day of service (or within 30 days after the service is complete if this Summons is

not personally delivered to you within the State of New York). In the case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

Complaint.

{00030361}                                          (00030361)

Dated: November 23, 2016
New York, New York

PHILLIPS & PAOLICELLI, LLP
*Attorneys for Plaintiffs'*
747 Third Ave., 6th Fl.
New York, NY 10022
212-388-5100

By: _____
Daniel J. Woodard
Brendan J. Tully

**Defendants' Addresses:**

(See Service Rider of Corresponding Short Form Complaint)

{00030361}                    {00030361}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| IN RE: NEW YORK CITY ASBESTOS LITIGATION | |
| THIS DOCUMENT RELATES TO: | |
| PHILLIPS & PAOLICELLI, LLP CASES | |

Index No.: 40000

PHILLIPS & PAOLICELLI, LLP
STANDARD ASBESTOS COMPLAINT
FOR PERSONAL INJURY NO. 1

**VERIFIED COMPLAINT**

Plaintiff[1], by his attorneys, PHILLIPS & PAOLICELLI, LLP, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## THE PARTIES

1. Plaintiff is at all times herein mentioned a resident of the state alleged in the individual Complaint.

2. Plaintiff's spouse ("Spouse"), a party herein, was and still is Plaintiff's lawful spouse and is a resident of the state alleged in the individual Complaint.

3. Each Defendant was and still is a duly organized foreign or domestic corporation doing business and/or transacting business in New York and/or should have expected its acts to have consequences within New York.

---

[1] As used throughout, the singular of any word, including, without limitations, "Plaintiff," shall be deemed to include the plural, the plural to include the singular, and words in the masculine, feminine or neutral shall include each of the other genders as necessary to make the meaning inclusive rather than exclusive.

{00030361}                    {00030361}

4.    The term "Defendant" shall apply to all corporate and business entities and/or their predecessors and/or successors in interest as more fully described and enumerated in the captions of individual complaints subsequently filed in the "short form" in accordance with the applicable Case Management Order of this Court.

5.    Defendants have transacted business in New York; have contracted within and/or without New York to supply goods or services in New York; have committed one or more tortious acts within New York; and/or have otherwise performed acts within and/or without New York causing injuries and losses within New York, which acts subject each Defendant to the jurisdiction of New York courts.

6.    Defendants have regularly done and/or solicited business in New York; engaged in a persistent course of conduct in New York; and/or derived substantial revenue from goods used or consumed or services rendered in New York.

7.    Defendants expected or should reasonably have expected their acts to have consequences in New York and derive substantial revenue from interstate and/or international commerce.

8.    Defendants own, use and/or possess real property situated within New York.

9.    The actions and conduct of Defendants as more fully described below were carried out through their respective offices by authorized agents, servants and employees who were acting in the course and scope of their employment and authority and in furtherance of Defendants' business and profit.

{00030361}                                   (00030361)

10. Upon information and belief, each Defendant has engaged in mining, producing, processing, designing, manufacturing, marketing, supplying, delivering, distributing, installing, using, purchasing, importing, exporting, converting, compounding, removing, selling and/or otherwise placing into the stream of commerce: (i) raw asbestos[2] fibers of various kinds and grades; (ii) asbestos containing products; (iii) asbestos contaminated products and/or machinery and equipment which specified, was commonly used with, required or inevitably necessitated the use of asbestos and/or asbestos-containing products or components in conjunction therewith (hereinafter collectively referred to as "Asbestos Products and/or Asbestos Contaminated Products").

11. Plaintiff worked with, came in contact with and/or was otherwise exposed to Defendants' Asbestos Products and/or Asbestos Contaminated Products at various locations and/or times and was exposed asbestos dust and fibers through the normal and anticipated use of said Asbestos Products and/or Asbestos Contaminated Products.

12. During the course of his life, Plaintiff was exposed- directly and/or indirectly-on numerous occasions to Asbestos Products and/or Asbestos Contaminated Products which were mined, produced, processed, designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, imported, exported, converted, compounded, removed, sold or otherwise placed in the stream of commerce by Defendants.

---

[2] As used throughout this Complaint, the term "asbestos" shall be interpreted broadly and include, among other things, both regulated and non-regulated forms of the mineral and both asbestiform and non-asbestiform materials leaving fragments and fibers.

{00030361} {00030361}

13. Plaintiff was unavoidably exposed to, inhaled and ingested asbestos fibers and dust contained within and emanating from the Defendants' Asbestos Products and/or Asbestos Contaminated Products and/or as a result of Defendants' actions, omissions and/or failures to act.

14. At all relevant times, Defendants knew or should have known of the health hazards associated with exposure to asbestos.

15. As a direct and proximate result of his exposure to and consequential inhalation and ingestion of asbestos fibers and dust, as contained within and emanating from the Defendants' Asbestos Products and/or Asbestos Contaminated Products or otherwise as a result of Defendants' actions or failures to act, Plaintiff developed a progressive, debilitating asbestos-related illness/disease and consequential damages, including, without limitation, pain and suffering, mental anguish, medical expenses and lost earnings and income.

16. Plaintiff alleges that his exposure to Defendants' Asbestos Products and/or Asbestos Contaminated Products caused or substantially contributed to his asbestos-related injuries such that the Defendants are jointly and severally liable to him for same.

17. If it is deemed that Article 16 of the C.P.L.R. applies to this action, Plaintiff asserts that this action falls within one or more of the exceptions set forth in C.P.L.R. § 1602, including, but not limited to, the exception for public employees (C.P.L.R. § 1602(1)(b)); the exception based upon defendants' non-delegable duty to warn of the health hazards of asbestos (C.P.L.R. § 1602(2)(iv)); the exception for cases in which a claimant suffers a "grave injury" (C.P.L.R. § 1602(4)); the exception for actions requiring proof of intent (C.P.L.R. § 1602(5)); the exception for cases in which a person is held liable for causing a claimant's injury by having acted with reckless disregard for the safety of others (C.P.L.R. § 1602(7)); the exception for cases in which

a defendant is held liable by reason of the applicability of Article 10 of the Labor Law (C.P.L.R. § 1602(8)); the exception for cases involving any person held liable for causing a claimant's injury by having unlawfully released into the environment a substance hazardous to public health, safety or the environment (C.P.L.R. § 1602(9)); the exception for any parties found to have acted knowingly or intentionally and in concert to cause the acts or failure upon which liability is based (C.P.L.R. § 1602(11)); and the exception for persons held liable in a product liability action in which the manufacturer of the product is not a party to the action and jurisdiction over the manufacturer could not with due diligence be obtained (C.P.L.R. § 1601(10)).

18. The amount of damages sought exceeds the jurisdiction of all lower courts that might otherwise have jurisdiction.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE, EXCEPT PARAGRAPHS 29(d) 29(e), 29(k) 29(l) 29(o) ARE NOT CLAIMED OR ALLEGED TO HAVE OCCURRED AT, UPON OR ABOARD ANY FACILITY OR VESSEL COMMISSIONED, CONSTRUCTED, CONTROLLED OR OWNED CONTEMPORANEOUSLY BY THE UNITED STATES GOVERNMENT

19. Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

20. Plaintiff frequently and regularly worked with or was otherwise exposed to the Asbestos Products and/or Asbestos Contaminated Products mined, produced, processed,

designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, imported, exported, converted, compounded, removed, sold, or otherwise placed in the stream of commerce by Defendants. Said exposure directly and proximately caused him to develop an asbestos-related disease.

21.     At all times pertinent hereto, Defendants acted through their duly authorized agents, servants and employees who were then and there acting in the course and scope of their employment and in furtherance of Defendants' business.

22.     Plaintiff was necessarily and unavoidably exposed to and did inhale and ingest asbestos dust and/or fibers from Defendants' Asbestos Products and/or Asbestos Contaminated Products.

23.     As a proximate result of the exposure to asbestos from Defendants' Asbestos Products and/or Asbestos Contaminated Products, Plaintiff developed an asbestos-related disease.

24.     At all relevant times, Defendant knew or should have known that it's products were consistently and pervasively contaminated with asbestos.

25.     At all relevant times, Defendants knew or with reasonable diligence should have known and/or ascertained that their Asbestos Products and/or Asbestos Contaminated Products were inherently dangerous and hazardous to the health and well-being of persons using, exposed to or otherwise coming in contact with Defendants' Asbestos Products.

26.     At all relevant times, Defendants knew or with reasonable diligence should have known and/or ascertained that the inherent dangers posed by their Asbestos Products and/or Asbestos Contaminated Products were beyond the expectations of the ordinary user or handler

{00030361}                              (00030361)

who would come into contact with said Asbestos Products and/or Asbestos Contaminated Products.

27.     Defendants knew or with reasonable diligence should have known and/or ascertained that the reasonable and anticipated use of, exposure to or contact with their Asbestos Products and/or Asbestos Contaminated Products would cause the release of asbestos fibers and dust, creating a danger and unreasonable risk of injury and harm to those in the vicinity of such Asbestos Products.

28.     Defendants knew, or with reasonable diligence should have known and/or ascertained that Plaintiff would use or come into contact with Defendants' Asbestos Products and/or Asbestos Contaminated Products, and in so doing, would become exposed to, inhale and ingest the asbestos fibers and dust as they were discharged and released from said Asbestos Products and/or Asbestos Contaminated Products in the course of ordinary and foreseeable contact, application and use thereof.

29.     Defendants knew or with reasonable diligence should have known and/or ascertained that Plaintiff used, came into contact with and was exposed to asbestos dust and fibers emanating and released from Defendants' Asbestos Products and/or Asbestos Contaminated Products without any knowledge of the dangers and potential risk of harm to which he was thereby being subjected.

30.     Despite knowledge of the unsafe and dangerous nature and properties of asbestos, Defendants willfully, recklessly and negligently:

(a) failed to warn the public at large, and specifically Plaintiff, of the dangers and hazards associated with or caused by the use of, exposure to or contact with

Defendants' Asbestos Products and/or Asbestos Contaminated Products resulting from the ordinary, anticipated and foreseeable use thereof;

(b) failed to study, investigate and/or properly test their Asbestos Products and/or Asbestos Contaminated Products for both potential and actual hazards associated with the use of, exposure to and contact with said products when said products were used in a reasonably foreseeable and anticipated manner;

(c) failed to communicate or convey their suspicions and knowledge with respect to potential or actual dangers and health hazards associated with the use of, exposure to or contact with their Asbestos Products and/or Asbestos Contaminated Products resulting in inhalation and ingestion of asbestos fibers and dust by the users and consumers of said Asbestos Products and/or Asbestos Contaminated Products;

(d) failed to design or redesign their Asbestos Products to prevent, impede or minimize the release of airborne inhalable and ingestible asbestos fibers and dust;

(e) failed to design their Asbestos Contaminated Products to prevent, impede or minimize the asbestos contamination of their product and/or its component parts.

(f) failed to properly design and manufacture their Asbestos Products to insure safe use and handling by users and consumers under conditions that were reasonably anticipated and foreseeable;

(g) Failed to properly manufacturer its asbestos contaminated product to Defendant's internal specification, which would have prevented the product from being contaminated with asbestos;

(h) failed to advise the public at large, and specifically Plaintiff, of the necessity for protective garments, safety equipment and appliances to protect the user/consumer from harm caused by inhalation and ingestion of asbestos fibers and dust released by, and associated with the ordinary and foreseeable use of and contact with Defendants' Asbestos Products and/or Asbestos Contaminated Products;

(i) failed to institute, adopt or enforce appropriate safety protocols for handling and use of their Asbestos Products and/or Asbestos Contaminated Products and to communicate same to individuals, including Plaintiff, working with, utilizing, handling or otherwise coming into contact with said products;

(j) failed to adequately package and/or design the packaging of their respective Asbestos Products and/or Asbestos Contaminated Products in a manner which would ensure safe handling and use by those individuals, including Plaintiff, who Defendants knew or should have reasonably anticipated would be exposed to asbestos fibers and dust released by and associated with the ordinary and foreseeable use of Defendants' Asbestos Products and/or Asbestos Contaminated Products;

(i) failed to remove their Asbestos Products and/or Asbestos Contaminated Products from the stream of commerce, despite knowledge of the unsafe and

dangerous nature and condition of said Asbestos Products and/or Asbestos Contaminated Products;

(j) continued to mine, produce, process, design, manufacture, market, supply, deliver, distribute, install, use, purchase, import, export, convert, compound, remove and/or sell Asbestos Products and/or Asbestos Contaminated Products for general application and purposes without any alteration or change, despite the potential and known health hazards and dangers posed to the foreseeable and anticipated users and consumers of said Asbestos Products and/or Asbestos Contaminated Products;

(j) failed to timely develop and utilize substitute materials for asbestos in their Asbestos Products and/or develop non-hazardous substitutes that could have been used for the same purposes as their Asbestos Products and/or Asbestos Contaminated Products;

(k) failed to design or redesign their Asbestos Products and/or Asbestos Contaminated Products to prevent, impede or minimize the release of inhalable and/or ingestible asbestos fibers and dust;

(l) failed to recall and/or issue a post-sale warning for their Asbestos Products and/or Asbestos Contaminated Products;

(m) failed to provide warnings, advice, instructions or information to Plaintiff so that he may have made an adequate and informed judgment as to the use of Defendants' Asbestos Products and/or Asbestos Contaminated Products; and

{00030361}                          (00030361)

(o) failed to develop, make available and/or provide non-hazardous materials which could have been used for the same purpose as their Asbestos Products and/or Asbestos Contaminated Products.

31.     Defendants, individually and as a group, since the early 1900s possessed medical and scientific data which clearly indicated that asbestos and, consequently, their Asbestos Products and/or Asbestos Contaminated Products were hazardous. However, in pursuit of pecuniary motives, Defendants, individually and collectively, suppressed, ignored and/or failed to act upon said medical and scientific data and conspired to deprive the public, and particularly users of their Asbestos Products and/or Asbestos Contaminated Products, including Plaintiff, of said medical and scientific data. Therefore, Defendants deprived the public at large, including Plaintiff, of the opportunity of free choice regarding whether or not to expose themselves to Defendants' Asbestos Products and/or Asbestos Contaminated Products. Defendants further willfully, intentionally and wantonly failed to warn Plaintiff of the serious bodily harm which would result from the inhalation and ingestion of asbestos fibers and dust from their Asbestos Products and/or Asbestos Contaminated Products.

32.     Defendants' continued mining, production, processing, design, manufacture, marketing, supply, delivery, distribution, installation, use, purchase, importation, exportation, conversion, compounding, removal and/or sale of their respective Asbestos Products and/or Asbestos Contaminated Products under the circumstances and conditions enumerated above demonstrates a callous, reckless, willful, depraved and wanton indifference to and disregard of the health, safety and welfare of the public at large, including Plaintiff.

33.     As a result of the Defendants' negligence and recklessness, Plaintiff unwittingly and unavoidably inhaled and ingested asbestos fibers and dust, which resulted in the

{00030361}                              {00030361}

development of his asbestos-related disease and injuries. Plaintiff has been caused to endure severe physical pain and suffering and mental anguish and has been placed at increased risk for developing other serious bodily injuries. Plaintiff has expended sums of money for medical care, treatment and monitoring related to his exposure to asbestos and will be required to expend additional monies for medical care, treatment and monitoring in the future. Plaintiff has been prevented from pursuing his normal activities and employment and has been deprived of his ordinary pursuits and enjoyment of life. Plaintiff has suffered pecuniary losses as a result of his asbestos-related injuries.

34. Plaintiffs injuries are a direct and proximate result of the negligence and carelessness of Defendants and their demonstrated wanton and reckless disregard for Plaintiff's safety and well-being.

35. Defendants' utter failure to use reasonable care under all the circumstances is the proximate cause of Plaintiffs asbestos-related disease and injuries.

## SECOND CAUSE OF ACTION FOR BREACH OF WARRANTY, EXCEPT NO CLAIMS OR ALLEGATIONS ARE M ADE WITH RESPECT TO EXPOSURES WHICH OCCURRED AT, UPON OR ABOARD ANY FACILITY OR VESSEL COMMISSIONED, CONSTRUCTED, CONTROLLED OR OWNED CONTEMPORANEOUSLY BY THE UNITED STATES GOVERNMENT

36. Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

37. The Defendants expressly and/or impliedly warranted that their Asbestos Products and/or Asbestos Contaminated Products were of good and merchantable quality and fit for their intended uses and purposes.

38. The express and/or implied warranties made by Defendants were false, misleading and, consequently, breached, since these products were unreasonably dangerous,

defective, hazardous and harmful when used, applied or installed in the manner and for the purposes intended or reasonably anticipated.

39. In reliance on Defendants' warranties, Plaintiff used, came into contact with and/or was otherwise exposed to Defendants' Asbestos Products and/or Asbestos Contaminated Products, causing him to unknowingly and unwittingly inhale and ingest asbestos fibers and dust resulting from the ordinary and foreseeable use of said products.

40. As a direct and proximate result of Defendants' breach of the express and implied warranties of good and merchantable quality and fitness for particular use, Plaintiff developed an asbestos-related disease, endured great pain and suffering and mental anguish, and has been otherwise damaged.

### THIRD CAUSE OF ACTION FOR STRICT LIABILITY, EXCEPT NO CLAIMS OF A MANUFACTURING OR DESIGN DEFECT, OTHER THAN FAILURE TO WARN, ARE MADE IN RELATION TO EXPOSURES WHICH OCCURRED AT, UPON OR ABOARD ANY FACILITY OR VESSEL COMMISSIONED, CONSTRUCTED, CONTROLLED OR OWNED CONTEMPORANEOUSLY BY THE UNITED STATES GOVERNMENT

41. Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

42. Defendants mined, produced, processed, designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, imported, exported, converted, compounded, removed, sold or otherwise placed into the stream of commerce Asbestos Products and/or Asbestos Contaminated Products in a defective, unsafe and unreasonably dangers condition, and said products were expected to and did reach users, handlers and other persons

coming into contact therewith without substantial change in the condition in which they left Defendants' possession.

43. Defendants' Asbestos Products and/or Asbestos Contaminated Products did not contain a warning and/or information concerning the asbestos-related dangers posed to persons using, handling or otherwise coming into contact therewith.

44. Defendants' Asbestos Products and/or Asbestos Contaminated Products did not contain adequate and correct warnings or instructions regarding safety precautions to be observed by users, handlers and persons who would foreseeably use or otherwise come into contact with said products.

45. At all relevant times, Defendants' Asbestos Products and/or Asbestos Contaminated Products were being employed for the purpose and in the manner that was intended and foreseeable. The defects of Defendants' Asbestos Products and/or Asbestos Contaminated Products were not discoverable by Plaintiff through the exercise of reasonable care, the dangers of said products were not perceivable by Plaintiff, and Plaintiff would not have otherwise averted his injuries by the exercise of reasonable care.

46. Defendants' Asbestos Products and/or Asbestos Contaminated Products were defective and dangerous at the time they left Defendants' possession, as they contained a latent defect and were harmful, poisonous and deleterious when inhaled and/or ingested.

47. Defendants knew or otherwise expected that their Asbestos Products and/or Asbestos Contaminated Products would reach the ultimate users, including Plaintiff, without substantial change from, or alteration of, the condition in which said products were originally mined, produced, processed, designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, imported, exported, converted, compounded, removed or sold.

{00030361}                    {00030361}

48. Defendants knew or in the exercise of reasonable diligence should have ascertained that Plaintiff and others similarly situated would be the ultimate users or consumers of Defendants' Asbestos Products and/or Asbestos Contaminated Products and would be exposed to asbestos dust and fibers therefrom.

49. Defendants knew that their Asbestos Products and/or Asbestos Contaminated Products would be used without inspection for defects and, by placing them in the marketplace, represented to the public at large, including Plaintiff, that said products could be utilized safely in the manner and for the purpose for which they were intended.

50. Defendants knew that their Asbestos Products and/or Asbestos Contaminated Products were defective and were incapable of being made safe for their ordinary, intended and foreseeable uses and purposes and that these defects were not discoverable by Plaintiff, or others similarly situated, in the exercise of reasonable care. The dangers and hazards of said products were not perceivable to Plaintiff such that he might otherwise have averted his injuries by the exercise of reasonable care.

51. In light of the foregoing, the ordinary and foreseeable use of Defendants' Asbestos Products and/or Asbestos Contaminated Products constituted a dangerous and hazardous activity and placed the ultimate users, including Plaintiff, at an unreasonable risk of harm and injury.

52. The risks and dangers created by the use of Defendants' Asbestos Products and/or Asbestos Contaminated Products outweighed their utility.

53. The Defendants failed to implement or use the reasonable alterative design that was easily available at the time of manufacture, and would have prevented the injury causal defect and made the product safe for its intended purpose.

54. As a consequence of the defects of Defendants' Asbestos Products and/or Asbestos Contaminated Products and Plaintiff's resultant inhalation and/or ingestions of asbestos fibers and dust resulting from the ordinary and foreseeable use of said products, Plaintiff has sustained serious and permanent injuries and damages as more fully described herein.

55. Plaintiff's injuries were the direct and proximate result of Defendants' placement into the stream of commerce of defective and unreasonably dangerous Asbestos Products and/or Asbestos Contaminated Products.

56. The Defendants, by virtue of the foregoing, are strictly liable to Plaintiff for injuries and illnesses resulting from the defects and dangerous propensities of their Asbestos Products and/or Asbestos Contaminated Products.

## FOURTH CAUSE OF ACTION FOR NEGLIGENT FAILURE TO WARN

57. Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

58. Plaintiff was exposed to asbestos dust and fibers from Asbestos Products and/or Asbestos Contaminated Products mined, produced, processed, designed, manufactured, marketed, supplied, delivered, distributed, installed, used, purchased, imported, converted, compounded, removed, sold, or otherwise placed into the stream of commerce by Defendants.

59. During the course of his lifetime, Plaintiff was exposed to and inhaled and/or ingested asbestos dust and fibers from Defendants' Asbestos Products and/or Asbestos Contaminated Products and such exposure directly and proximately caused him to develop an asbestos-related disease.

{00030361}                    {00030361}

60. At all relevant times, Defendants knew or should have known that their Asbestos Products and/or Asbestos Contaminated Products were inherently dangerous and that such dangerous qualities were beyond the expectations and knowledge of the ordinary user or handler who would come into contact with said Asbestos Products.

61. Defendants negligently failed to provide adequate and proper warnings regarding the health hazards posed by their products.

62. Defendants negligently failed to warn and failed to provide adequate instructions of safe handling methods, if any, which could have been utilized by reasonably foreseeable users, handlers and other persons came into contact with Defendants' Asbestos Products.

63. Defendants negligently failed to render warnings or advice or give instructions and information to Plaintiff so that he may have made an adequate and informed judgment as to the use of Defendants' Asbestos Products and/or Asbestos Contaminated Products.

64. Defendants negligently failed to investigate and/or test for the hazards of asbestos.

65. To the extent that a Defendant inquired as to the hazards of asbestos, Defendant negligently failed to convey to the users and consumers of its Asbestos Products and/or Asbestos Contaminated Products, including Plaintiff, whatever knowledge of dangers, health hazards or necessary safety precautions it discovered.

66. Defendants, individually and as a group, since the early 1900s possessed medical and scientific data which clearly indicated that asbestos and their Asbestos Products and/or Asbestos Contaminated Products were hazardous to health. However, in pursuit of pecuniary motives, Defendants, individually and collectively, suppressed, ignored and/or failed to act upon said medical and scientific data and conspired to deprive the public, and particularly users of their Asbestos Products and/or Asbestos Contaminated Products, including Plaintiff, of said

{00030361}                    {00030361}

medical and scientific data. Therefore, Defendants deprived the public at large, including Plaintiff, of the opportunity of free choice regarding whether or not to expose themselves to Defendants' Asbestos Products and/or Asbestos Contaminated Products. Defendants further willfully, intentionally and wantonly failed to warn Plaintiff of the serious bodily harm which would result from the inhalation and ingestion of asbestos fibers and dust from their Asbestos Products and/or Asbestos Contaminated Products.

67.     Defendants' negligent and reckless failure to use reasonable care in providing adequate warnings under all of the circumstances was the direct and proximate cause of Plaintiff's injuries.

68.     As a direct and proximate result of working with, using or otherwise being present near Defendants' Asbestos Products and/or Asbestos Contaminated Products and the consequent and unavoidable inhalation and ingestion of asbestos dust and fibers therefrom, Plaintiff developed asbestos-related injuries and endured great physical pain and suffering, mental anguish, and loss of enjoyment of his life.

## FIFTH CAUSE OF ACTION FOR CONSPIRACY AND COLLECTIVE LIABILITY /CONCERT OF ACTION, EXCEPT NO CLAIMS OF A MANUFACTURING OR DESIGN DEFECT, OTHER THAN FAILURE TO WARN, ARE MADE IN RELATION TO EXPOSURES WHICH OCCURRED AT, UPON OR ABOARD ANY FACILITY OR VESSEL COMMISSIONED, CONSTRUCTED, CONTROLLED OR OWNED CONTEMPORANEOUSLY BY THE UNITED STATES GOVERNMENT

69.     Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

{00030361}                         {00030361}

70. Defendants since the early 1900s possessed medical and scientific data which raised questions concerning the safety of asbestos and which demonstrated the existence of health hazards to those exposed to asbestos and asbestos-containing products.

71. Defendants, collectively and through explicit agreement and consciously parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos-containing and/or asbestos contaminated products, including their Asbestos Products and/or Asbestos Contaminated Products, and controlled the level of knowledge and information available to the public, including Plaintiff, regarding the hazards of exposure to asbestos dust and fibers.

72. Defendants, through agreement and consciously parallel behavior, intentionally failed to warn potential users, including Plaintiff, of the serious bodily harm and/or death which may result from the inhalation of, ingestion of and exposure to asbestos fibers and dust emanating from and released by Defendants' Asbestos Products.

73. Defendants conspired and/or acted in concert to withhold, conceal and suppress the distribution of medical and scientific data and literature regarding the risks of exposure to asbestos and asbestos-containing and/or asbestos contaminated products and the association of this exposure with the development of asbestosis, cancer, mesothelioma and other illnesses and diseases.

74. Defendants, through agreement and consciously parallel behavior, knowingly and intentionally released, published and disseminated invalid, inaccurate, outdated and misleading medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases.

{00030361}                    {00030361}

75. Defendants distorted the results of medical examinations conducted upon Plaintiff and/or individuals similarly situated who were exposed to asbestos fibers and dust by falsely stating and/or concealing the nature and extent of hazard to which Plaintiff and those similarly situated had been subjected.

76. Defendants, while cognizant of the aforementioned data, deliberately chose to ignore the health and safety issues raised in said data and embarked upon a plan of deception intended to deprive the public at large, including Plaintiff, of alarming medical and scientific findings which remained in their exclusive possession and under their exclusive control.

77. Defendants conspired and/or acted in concert with each other and/or with other entities through agreement and consciously parallel behavior:

(a) to withhold from users of their Asbestos Products and/or Asbestos Contaminated Products - and from persons who Defendants knew or should have known would be exposed to said products - information regarding the health risks of inhaling or ingesting asbestos fibers and dust;

(b) to eliminate or prevent investigation into the health hazards of exposure to asbestos fibers and dust; and

(c) to ensure that asbestos products and/or asbestos contaminated products became widely used in commerce and industry, irrespective of the potential and actual risk of harm to the users and consumers.

78. Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by Defendants regarding the nature of their

Asbestos Products and/or Asbestos Contaminated Products and was deprived of an opportunity to make an informed decision concerning his use of, exposure to and contact with said products.

79.     Defendants, whether acting individually or in concert with others, violated the common-law duty of care owed to Plaintiff or otherwise engaged in culpable activity that caused him to suffer severe injuries and damages.

80.     The actions and inactions of Defendants, independently and collectively, constitute a pattern or practice of intentionally wrongful conduct and/or malice resulting in injuries to Plaintiff and others similarly situated.

81.     By reason of the foregoing, Defendants are jointly and severally liable to Plaintiff for the injuries and damages sustained by virtue of industry-wide or enterprise liability.

82.     As a direct and proximate consequence of his wrongful exposure to asbestos dust and fibers resulting from Defendants' actions and/or failures to act, Plaintiff contracted an asbestos-related illnesses with sequela and was caused to suffer severe physical pain, mental anguish, pecuniary losses, and loss of enjoyment of life.

## SIXTH CAUSE OF ACTION FOR LABOR LAW VIOLATIONS

83.     Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

84.     Defendants, their subsidiaries, agents, employees and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises at which Plaintiff was lawfully frequenting and exposed to asbestos.

{00030361}                          {00030361}

85.    Defendants, their subsidiaries, agents, employees and/or servants had a legal duty to maintain and keep their premises in a safe and proper condition.

86.    At all times relevant hereto, Plaintiff was lawfully frequenting the premises at which he was exposed to asbestos.

87.    At all times relevant hereto, Plaintiff's presence at said premises was known or knowable to the Defendants.

88.    Defendants, their subsidiaries, agents, employees and/or servants negligently created, caused, exacerbated and/or permitted to exist an unsafe, hazardous and/or dangerous condition by specifying, using, disturbing, rendering friable and/or permitting the presence of asbestos, asbestos-containing products, asbestos-containing equipment and/or asbestos-containing fixtures at the premises at which Plaintiff was exposed to asbestos.

89.    Defendants, their subsidiaries, agents, employees and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which the Plaintiff was present and exposed to asbestos.

90.    Defendants, their subsidiaries, agents, employees and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct same.

91.    Defendants, their subsidiaries, agents, employees and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn Plaintiff of the existence of same and/or provide Plaintiff the means to protect himself from said dangerous condition.

92.    Defendants, their subsidiaries, agents, employees and/or servants were negligent in that they violated the common-law duty to maintain a safe workplace for individuals, such as

{00030361}                          {00030361}

Plaintiff, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by Defendants.

93.     Defendants, their subsidiaries, agents, employees and/or servants violated New York Labor Law § 200 *et seq.*, including, but not limited to, §§ 200, 240 and 241(6), and the New York Industrial Code (12 NYCRR §§ 12 and 23) by their failure to provide a safe workplace, including, but not limited to, failure to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known, and by their failure to provide reasonable and adequate protection for individuals, including Plaintiff, who were lawfully at a site owned, maintained and/or controlled by them. *Inter alia:*

(a)     Defendants, their subsidiaries, agents, employees and/or servants violated the New York State Industrial Code Section 12, Subsection 1.4, which states that:

I. (a)     All operations or processes which produce air contaminants shall be so conducted that the generation, release or dissemination of such contaminants is kept at the lowest practicable level in compliance with this Part (rule) using proper control of protective procedure and equipment. All equipment used to effect compliance with this Part (rule) shall be maintained in good condition and in accordance with the requirements of the Labor Law and Industrial Code.

II. (b) Responsibility of employers.

i. (1)  Every employer shall effect compliance with the provision of this Part (rule) relating to the prevention and removal of air contaminants, the storage and use of flammable liquids and the provision, installation, operation and maintenance of control or protective equipment.

ii. (2)  Every employer shall instruct his employees as to the hazards of their work, the use of the control or protective equipment and their responsibility for complying with the provisions of this Part (rule).

iii. (3)  No employer shall suffer or permit an employee to work in a room in which there exist dangerous air contaminants in a work atmosphere.

iv. (4)  No employer shall suffer or permit dangerous air contaminants to accumulate remain in any place or area subject to the provisions of this Part (rule).

(b)  Defendants, their subsidiaries, agents, employees and/or servants violated the New York State Industrial Code Section 12, Subsection 1.5 (a), which states that:

I. (1)  Personal respiratory equipment shall not be used in lieu of other control methods, except for protection of employees in emergencies and in the repair, maintenance or adjustment or equipment or processes, or upon specific approval by the board.

{00030361}            {00030361}

(c)    Defendants, their subsidiaries, agents, employees and/or servants violated New York State Industrial Code Section 12, Subsection 1.6, which states, in part, that:

    I. (a)    General control requirements. One or more of the following methods shall be used to prevent, remove or control dangerous air contaminants:

        i. (1)    Substitution of a material or a method which does not produce dangerous air contaminants.

        ii. (2)    Local exhaust ventilation conforming to the requirements of Industrial Code Part (Rule No.) 18.

        iii. (3)    Dilution ventilation.

        iv. (4)    Application of water or other wetting agent.

        v. (5)    Enclosure or isolation.

        vi. (6)    Other methods approved by the board.

(d)    As evidence of Defendants' violation of the abovementioned section of the New York State Industrial Code, Defendants, their subsidiaries, agents and/or servants permitted asbestos dust concentrations above the 5 mppcf threshold limit value specified in Section 12, Subsection 3.1, without providing the required reasonable and adequate protective measures, thereby rendering the premises unsafe.

{00030361}              {00030361}

(e)    Defendants, their subsidiaries, agents, employees and/or servants violated Section 23-3.2(d) of the New York Industrial Code which states that provision shall be made at every demolition site to control the amount of airborne dust resulting from demolition operations by wetting the debris and other materials with the appropriate spraying agents or other means.

94.    Defendants, their subsidiaries, agents, employees and/or servants negligently designed the construction of the premises at which Plaintiff was lawfully frequenting and exposed to asbestos by directing and/or specifying the use, installation, removal and/or disturbance of asbestos-containing products, equipment and/or fixtures at said premises.

95.    Defendants, their subsidiaries, agents, employees and/or servants negligently breached their contractual duty to Plaintiff, a third-party beneficiary, to provide for the health, welfare and/or safety of those, including Plaintiff, lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

96.    Defendants, their subsidiaries, agents, employees and/or servants breached their warranty to provide for the health, welfare and/or safety of those, including Plaintiff, lawfully frequenting the premises on which Plaintiff was exposed to asbestos.

97.    Defendants, their subsidiaries, agents, employees and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in The Restatement (Second) of Torts, including, but not limited to, Sections 342, 343, 343A, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

98.    The aforementioned acts and/or omissions of the Defendants constitutes willful misconduct and conscious disregard of the health of the public, including Plaintiff. 98. As a direct and proximate result of the Defendants' conduct and/or failures to act, Plaintiff was

{00030361}          (00030361)

exposed to asbestos and asbestos-containing products and sustained serious injuries as described herein.

## SEVENTH CAUSE OF ACTION
### (AGAINST DEFENDANT CONTRACTORS ONLY)

99. Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

100. The term "contractor" refers to any business, individual or other entity engaged, employed or otherwise contracted to perform, in whole or part, construction work, renovation, excavation, demolition, installation of equipment and/or such other activities commensurate with the term "contractor" as used in the ordinary course of business and otherwise commonly defined.

101. Defendant contractors, individually and by and/or through their subcontractors, agents, servants, assigns and employees, developed, authored, devised and/or implemented specifications and plans relating to the construction, renovation, excavation and/or demolition of buildings and other structures at which the Plaintiff was present and which Defendant contractors knew-or should have ascertained in the exercise of due care-involved the use, application, installation, disturbance and/or removal of asbestos, asbestos-containing materials and/or asbestos-containing equipment.

102. Defendant contractors knew, or in the exercise of reasonable diligence should have known, that the aforementioned specifications and/or plans were dangerous and/or unsafe and presented a potential and/or actual health hazard to those individuals, including Plaintiff, present at such sites where construction, renovation, excavation and/or demolition as described above was being carried out.

{00030361}     (00030361)

103. Defendant contractors hired, employed, contracted with or otherwise engaged subcontractors and others to carry out the work required by and in accordance with the above described specifications and plans.

104. Defendant contractors supervised, oversaw and directed the activities, conduct and work of their own employees, and the employees, agents and assigns of their subcontractors, in the performance of the above-described specifications and plans at various locations, including the Plaintiff's work site(s).

105. Defendant contractors purchased, delivered and/or caused to be delivered various asbestos-containing materials, products and equipment to Plaintiffs work site(s) and other locations or facilities from which Plaintiffs work sites(s) received, inventoried and/or warehoused said materials, products and equipment.

06. Defendant contractors engaged in, substantially undertook, joined and/or otherwise supported abnormally dangerous activities that posed a high risk of harm to others, and there were reasonable, safer alternatives that could have been employed or otherwise utilized.

107. Defendant contractors exercised control over the work site(s) at which their employees, subcontractors, agents and assigns were engaged in carrying out the specifications and plans of construction, renovation, excavation and/or demolition as described above; retained unlimited access to said work site(s); and directed all related construction, remodeling, excavating and demolition activities concerned therewith.

108. Plaintiff was exposed to asbestos at Defendants' work sites and other locations where construction, renovation, excavation and demolition of buildings and/or other structures

was being performed while Plaintiff was engaged in his occupational duties and responsibilities or while Plaintiff was otherwise lawfully at such work sites and locations.

109. Plaintiff sustained asbestos-related personal injuries as a consequence of his exposure to asbestos at the aforementioned location(s) described above.

110. Plaintiff's injuries resulted from Defendant contractors' breach of common-law and statutory obligations including, inter alia, violations of New York State Labor Law §§ 200, 240 and 241 and the Industrial Code.

111. The above-described exposures were caused solely and wholly by the acts and/or omissions of the Defendant contractors, their agents, servants, employees and assigns as a consequence of their negligent, careless and reckless ownership, management, direction and control of the various premises and work sites where construction, renovation, demolition and excavation activities, as described above, occurred.

112. Defendant contractors were negligent, careless and reckless in inter alia: (1) permitting Plaintiff to work under dangerous and unsafe conditions; (2) requiring Plaintiff to work in areas in which he was exposed to asbestos; (3) in permitting and allowing the dangerous conditions to remain in working areas and other locations; (4) in failing to warn Plaintiff and other members of the work force of the dangerous conditions; (5) in failing to follow or implement the usual workplace safety customs and procedures; (6) in failing to abide by the Labor Law, including, without limitation, Sections 200, 240 and 241 thereof; and (7) in otherwise acting with reckless disregard of the safety, well-being and health of Plaintiff and the general work force.

{00030361}                     {00030361}

113. In consideration of the foregoing, Defendant contractors are strictly liable for the injuries sustained by the Plaintiff.

## EIGHTH CAUSE OF ACTION
### (AGAINST PREMISE DEFENDANTS ONLY)

114. Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

115. Defendants, their subsidiaries, agents, employees and/or servants were/are owners, possessors, lessors, lessees, operators, controllers, managers, supervisors, general contractors, subcontractors, architects, engineers or were otherwise responsible for the maintenance, control and/or safety at the premises at which Plaintiff was lawfully frequenting and exposed to asbestos.

116. Defendants, their subsidiaries, agents and/or servants had a legal duty to maintain and keep the aforementioned premises in a safe and proper condition.

117. At all times relevant hereto, Plaintiff was lawfully frequenting the premises at which he was exposed to asbestos.

118. Plaintiff was exposed to asbestos while he was an invitee and/or licensee at Defendants' premises. Said premises was/were defective in that the asbestos materials thereon created an unreasonable risk of harm to Plaintiff and those similarly situated. The defective conditions of the premises were a proximate cause of Plaintiffs asbestos-related injuries and damages.

119. At all times relevant hereto, Plaintiff's presence at the premises was known or knowable to defendants.

{00030361}                    {00030361}

120. Defendants, as the owners, operators, occupiers, custodians and/or managers of the premises, had a non-delegable duty to keep said premises safe for invitees and licensees.

121. Defendants engaged in, substantially undertook, joined and/or otherwise supported abnormally dangerous activities that posed a high risk of harm to others, and there were reasonable, safer alternatives that could have been employed or otherwise utilized.

122. Defendants, their subsidiaries, agents, employees and/or servants negligently created, caused, exacerbated and/or permitted to exist an unsafe, hazardous and/or dangerous condition by specifying, using, disturbing, rendering friable and/or permitting the presence of asbestos, asbestos-containing products, asbestos-containing equipment and/or asbestos-containing fixtures at the premises at which Plaintiff was exposed to asbestos.

123. Defendants, their subsidiaries, agents, employees and/or servants negligently permitted a defective, hazardous and/or dangerous condition to remain uncorrected and/or unchanged at the premises at which Plaintiff was present and exposed to asbestos.

124. Defendants, their subsidiaries, agents, employees and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to correct same.

125. Defendants, their subsidiaries, agents, employees and/or servants knew or should have known of the existence of the unsafe, hazardous and/or dangerous condition and failed to warn Plaintiff of the existence of same or provide him with the means to protect himself from said condition.

{00030361}　　　　　　　　　(00030361)

126.    Defendants, their subsidiaries, agents, employees and/or servants were negligent in that they violated the common-law duty to maintain a safe premises for individuals, including Plaintiff, who were working in, lawfully frequenting and exposed to asbestos on premises owned, maintained and/or controlled by Defendants.

127.    Defendants are liable to Plaintiff for their respective failures to exercise reasonable care to protect Plaintiff from the foreseeable dangers associated with exposure to asbestos at their premises.

128.    Defendants, their subsidiaries, agents, employees and/or servants violated New York Labor Law § 200 et seq., including, but not limited to, §§ 200, 240 and 241(6), and New York Industrial Code (12 NYCRR §§ 12 and 23) by their failure to provide a safe workplace, including, but not limited to, failure to make reasonable inspections to detect dangerous conditions and hidden defects and to warn of dangers of which they knew or should have known, and by their failure to provide reasonable and adequate protection for individuals, including Plaintiff, who were lawfully at a site owned, maintained and/or controlled by them.

129.    Defendants, their subsidiaries, agents, employees and/or servants negligently designed the construction of the premises by directing, specifying, controlling and/or coordinating the use, installation, removal and/or disturbance of asbestos-containing materials or equipment.

130.    Defendants, their subsidiaries, agents, employees and/or servants negligently breached their contractual duty to the Plaintiff, a third-party beneficiary, to provide for the health, welfare and/or safety of those individuals, including Plaintiff, lawfully frequenting the premises at which Plaintiff was exposed to asbestos.

{00030361}                    {00030361}

131.   Defendants, their subsidiaries, agents, employees and/or servants breached their warranty to provide for the health, welfare and/or safety of those individuals, including Plaintiff lawfully frequenting the premises at which Plaintiff was exposed to asbestos.

132.   Defendants, their subsidiaries, agents, employees and/or servants breached the duty imposed on possessors of land, contractors and subcontractors and codified in the Restatement (Second) of Torts, including, but not limited to, Sections 342, 343, 343A, 410, 411, 412, 413, 414, 414A, 416, 422, 424 and 427.

133.   The aforementioned acts and/or omissions of the Defendants constituted willful misconduct and conscious disregard of the health of the public, including Plaintiff.

134.   As a direct and proximate result of the Defendants' conduct and/or failures to act, Plaintiff was exposed to asbestos and asbestos-containing products and sustained serious injuries as described herein.

## NINTH CAUSE OF ACTION
### (AGAINST "DUST MASK" DEFENDANTS ONLY)

135.   Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

136.   Defendants were engaged in the business of manufacturing and selling respiratory devices known as "dust masks."

137.   Defendants knew or in the exercise of reasonable diligence should have ascertained that their dust masks would be used without inspection for defects, and by placing

{00030361}                         {00030361}

same into the steam of commerce represented that the dust masks would safely prevent the inhalation of asbestos fibers.

138.    The dust masks designed, manufactured, distributed and sold by Defendants were dangerous and defective in that they failed to protect against the inhalation of asbestos dust and fibers.

139.    The dust masks designed, manufactured, distributed and sold by Defendants were placed into the stream of commerce in a defective, unsafe and inherently dangerous condition at the time they left Defendants' possession and were expected to, and did, reach the intended users, including Plaintiff, without substantial change in the condition in which the dust masks were originally designed, manufactured, distributed and sold by Defendants.

140.    Defendants' dusk masks did not contain adequate warnings, information or instructions regarding use or safety precautions to persons, including the Plaintiff, who reasonably and foreseeably came into contact with and otherwise utilized such dust masks.

141.    As a direct and proximate result of the design, manufacture, distribution and sale by Defendants of said defective and unreasonably dangerous dust masks to Plaintiff and/or his employer(s) and others, Plaintiff sustained serious and permanent asbestos-related injuries and damages.

## TENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES

142.    Plaintiff repeats and reiterates the prior allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

{00030361}                          {00030361}

143.   Defendants acted maliciously, wantonly and recklessly, and demonstrated a conscious indifference and utter disregard of the health, safety and rights of others, including Plaintiff, by acting with an improper motive or vindictiveness and with outrageous or oppressively intentional misconduct, and such actions represented a high degree of immorality and showed a wanton dishonesty as to imply a criminal indifference to civil obligations, thereby warranting an award of punitive damages.

## ELEVENTH CAUSE OF ACTION FOR SPOUSAL LOSS OF CONSORTIUM

144.   Plaintiff repeats, reiterates and incorporates herein the prior and subsequent allegations of this Complaint with the same force and effect as if hereinafter set forth at length.

145.   By reason of the foregoing, Spouse has been deprived of the services and consortium of Plaintiff, including, but not limited to, Plaintiff's support, services, love, companionship, affection, advice, society, physical relations and solace, and Spouse suffered a loss of enjoyment of life, all to his damage as against each Defendant.

{00030361}                              {00030361}

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, on each cause of action, with interest together with costs and disbursements in this action.

Dated: November 23, 2016
New York, New York

PHILLIPS & PAOLICELLI, LLP
*Attorneys for Plaintiffs'*
747 Third Ave., 6th Fl.
New York, NY 10022
212-388-5100

By: _____
Daniel J. Woodard
Brendan J. Tully

{00030361}                    {00030361}

STATE OF NEW YORK )

               ) ss.:

COUNTY OF NEW YORK )

    The undersigned, an attorney admitted to practice law before the Courts of the State of

New York, shows:

    Deponent is a partner of PHILLIPS & PAOLICELLI, LLP, counsel for Plaintiff in the

within action; deponent has read the foregoing Summons and Verified Complaint and knows the

contents thereof; the same is true to deponent's own knowledge, except as to the matters therein

stated to be alleged on information and belief, and that as to those matters deponent believes

same to be true. This verification is made by deponent and not by Plaintiff because Plaintiff

resides outside of the County of New York where deponent maintains his office.

Dated: November 23, 2016
New York, New York

Brendan J. Tully

{00030361}                    (00030361)