SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY

| | Re: NYCAL |
|---|---|
| IN RE: NEW YORK CITY ASBESTOS LITIGATION | Index No.: 190292/2017 |
| This Document Applies to:<br><br>**JOHN GRIMES** | **PLAINTIFF'S AMENDED ANSWERS TO DEFENDANTS' FOURTH AMENDED STANDARD SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

# GENERAL OBJECTION

Plaintiff objects to these discovery requests to the extent they seek information protected as attorney-client privilege and/or work product doctrine. Plaintiff objects to any discovery request that is overly broad and unduly burdensome, or not reasonable tailored to lead to the discovery of admissible evidence. Plaintiff objects to any discovery related to Plaintiff's smoking as mesothelioma is only caused by exposure to asbestos. Plaintiff objects to any discovery request that may be construed as requesting production of Proof of Claim Forms (POCs) and/or other documents reflecting communications between plaintiff and any settlement trust or any other entity made solely for purposes of settlement. See CPLR § 4547.

# INTERROGATORIES

1. State the following:

    (a) your full name, and all other names by which you have been known;

    (b) age, and date and place of birth;

    (c) whether you were an adopted child;

    (d) present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;

    (e) present home address; and

    (f) social security number.

**A.1.**   **(a)**   **John Jabez Grimes;**

    **(b)**   **77; December 10, ▮▮▮ New York City;**

    **(c)**   **Natural;**

    **(d)**   **Single; Previous Marriage: Annulled - 1966;**

    **(e)**   **95 Deerfield Lane North, Pleasantville, N.Y. 10570;**

    **(f)**   ▮▮▮▮▮

2. State the following with regard to your father and mother:

    (a) names;

    (b) current address (if deceased, state last known address);

    (c) the current condition of each one's health, including any specific medical problems. If either of your parents are deceased, please state for each deceased parent:

<div style="margin-left: 2em;">

i.    specific physical problems;

ii.    date and place of death;

iii.    age and cause of death for each parent.

</div>

**A.2.**    **(a)**    **Mother: Rhoda A. Grimes; Father: John T. Grimes;**

        **(b)**    **Mother: Deceased; Queens, NY;**

                **Father: Deceased; Manhattan, NY;**

        **(c)**    **Mother: Deceased;**

                **Father: Deceased;**

            **(i)**    **Mother: None;**

                    **Father: Emphysema;**

            **(ii)**    **Mother: March 24, ▮ Queens, NY;**

                    **Father: September 12, ▮ Manhattan, NY;**

            **(iii)**    **Mother: 99; Natural;**

                    **Father: 77; Emphysema.**

3.    State the following with regard to each of your children:

    (a)    full name;

    (b)    the date of birth;

    (c)    sex;

    (d)    current address (if deceased, state the last known address);

    (e)    social security number;

    (f)    whether birth child or adopted child;

    (g)    current state of each one's health.  If any of your children are deceased,

state for each deceased child:

  i.  specific physical problems;

  ii.  date and place of death; and

  iii.  age and cause of death for each child.

**A.3.I.**  **(a)**  **John J. Grimes;**

    **(b)**  **June 11, █;**

    **(c)**  **Male;**

    **(d)**  **95 Deerfield Lane North, Pleasantville, N.Y. 10570;**

    **(e)**  **Not Applicable;**

    **(f)**  **Natural;**

    **(g)**  **Good.**

4.  State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:

  (a)  fuel use for heating and cooking;

  (b)  significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);

  (c)  number of family units co-occupying said structure.

**A.4.I.** **247 West 121ˢᵗ Street, New York, NY 10028**

   **Approximately 24 years, 1939 – 1963;**

   **(a)**  **Heating: Coal – Oil; Cooking: Gas;**

   **(b)**  **Yes – Various repair and renovation work of the basement and bathroom including plumbing and boiler work.**

   **(c)**  **1.**

**A.4.II.** 260 Audubon Avenue, New York, NY 10033;

Approximately 3 years, 1963 – 1966;

    **(a)**    Heating: Unknown; Cooking: Gas

    **(b)**    None;

    **(c)**    Apartment.

**A.4.III.** 113 – 15 34th Avenue, Corona, NY 11268;

Approximately 17 years, 1966 – 1983;

    **(a)**    Heating: Oil; Cooking: Gas;

    **(b)**    None;

    **(c)**    Apartment.

**A.4.IV.** 95 Deerfield Lane North, Pleasantville, N.Y. 10570;

Approximately 34 years, 1983 – 2017;

    **(a)**    Heating: Gas; Cooking: Gas;

    **(b)**    Yes – Various repair and construction including the addition of two bedrooms and a bathroom;

    **(c)**    1.

5.    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

    (a)    name and address of physician or health care provider and, if ongoing, the approximate frequency of said treatment and services;

    (b)    date(s) of test, examination and/or treatment;

(c)     symptoms complained of at the time, if any;

(d)     any diagnosis made;

(e)     treatment or examination given and reason for treatment or examination; and

(f)     any drugs or medications prescribed.

**A.5.** **At the present time, although it is possible that plaintiff consulted other doctors, nurses and health care providers, plaintiff recalls the following names, dates and treatments:**

**A.5.I.(a)** **Michael Rizzi, MD, Internal Medicine, CareMount Medical, 1825 Commerce Street, Yorktown Heights, NY 10598;**

**(b)** **See medical records;**

**(c)** **See medical records;**

**(d)** **See medical records;**

**(e)** **See medical records;**

**(f)** **See medical records.**

**A.5.II.(a)** **Eric W. Fitz, MD, Ophthalmology & Retina Surgery, CareMount Medical, 101 South Bedford Road, Suite 404 Mount Kisco, NY 10549;**

**(b)** **See medical records;**

**(c)** **See medical records;**

**(d)** **See medical records;**

**(e)** **See medical records;**

**(f)** **See medical records.**

A.5.III. (a)  Benjamin A. Spencer, MD, Urology, CareMount Medical, 110 South Bedford Road, Mount Kisco, NY 10549;

(b)  See medical records;

(c)  See medical records;

(d)  See medical records;

(e)  See medical records;

(f)  See medical records.

A.5.IV. (a)  Sergio Bures, MD FCCP, Internal Medicine, CareMount Medical, 111 Bedford Road, Katonah, NY 10536;

(b)  See medical records;

(c)  See medical records;

(d)  See medical records;

(e)  See medical records;

(f)  See medical records.

A.5.V. (a)  Scott A. Gottesfeld, MD, Cardiology, CareMount Medical, 111 Bedford Road, Katonah, NY 10536;

(b)  See medical records;

(c)  See medical records;

(d)  See medical records;

(e)  See medical records;

(f)  See medical records.

A.5.VI. (a)    Scott Berger, MD, Neuroradiology, CareMount Medical, 90 South Bedford Road, Mount Kisco, NY 10549;

   (b)    See medical records;

   (c)    See medical records;

   (d)    See medical records;

   (e)    See medical records;

   (f)    See medical records.

A.5.VII. (a)    Raja M. Flores, M.D. Thoracic Surgery, Mount Sinai Health System, One Gustave L. Levy Place, Box 1023, New York, NY 10029;

   (b)    See medical records;

   (c)    See medical records;

   (d)    See medical records;

   (e)    See medical records;

   (f)    See medical records.

A.5.VIII. (a)    Lina Mendigorin, MD, Thoracic Surgery, Mount Sinai Health System, One Gustave L. Levy Place, Box 1023, New York, NY 10029;

   (b)    See medical records;

   (c)    See medical records;

   (d)    See medical records;

   (e)    See medical records;

   (f)    See medical records.

**A.5.IX. (a)** Daniel G. Nicastri, MD, Thoracic Surgery, Mount Sinai Health System, One Gustave L. Levy Place, Box 1023, New York, NY 10029;

    **(b)** See medical records;

    **(c)** See medical records;

    **(d)** See medical records;

    **(e)** See medical records;

    **(f)** See medical records.

**A.5.X. (a)** Donna A. Ingram, MD, Mount Sinai Manhattan Heart, 177 East 87th Street, Suite 507 New York, NY 10128;

    **(b)** See medical records;

    **(c)** See medical records;

    **(d)** See medical records;

    **(e)** See medical records;

    **(f)** See medical records.

**A.5.XI. (a)** Kenneth Rosenzweig, MD, Radiation Oncology, Mount Sinai Hospital, 1470 3rd Floor, New York, NY 10029;

    **(b)** See medical records;

    **(c)** See medical records;

    **(d)** See medical records;

    **(e)** See medical records;

    **(f)** See medical records.

A.5.XII. (a)  Jorge Gomez, MD, Hematology-Oncology, Mount Sinai Hospital (Ruttenberg Treatment Center), 1470 3rd Floor, New York, NY 10029;

(b)  See medical records;

(c)  See medical records;

(d)  See medical records;

(e)  See medical records;

(f)  See medical records.

A.5.XIII. (a)  Marcher R. Thompson, MD, Radiation Oncology, Mount Sinai Health, One Gustave L. Levy Place, Box 1236, New York, NY 10029-6574;

(b)  See medical records;

(c)  See medical records;

(d)  See medical records;

(e)  See medical records;

(f)  See medical records.

A.5.XIV. (a)  Northern Westchester Hospital, 400 East Main Street, Mount Kisco, NY 10549;

(b)  See medical records;

(c)  See medical records;

(d)  See medical records;

(e)  See medical records;

(f)  See medical records.

A.5.XV. (a)  CareMount Radiology, 34 South Bedford Road, Mount Kisco, NY 10549;

     **(b)**     See medical records;

     **(c)**     See medical records;

     **(d)**     See medical records;

     **(e)**     See medical records;

     **(f)**     See medical records.

6.     For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

     (a)     name and address of the facility;

     (b)     dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and

     (c)     reason for visit to the facility.

**A.6.**     **At the present time, although it is possible that plaintiff may have been treated or examined in other hospitals and health institutions, plaintiff recalls the following:**

**A.6.I.**     **(a)**     **CareMount Medical, Yorktown Heights/Mount Kisco/Katonah**

     **(b)**     **See medical records;**

     **(c)**     **General Health.**

**A.6.II.**     **(a) Mount Sinai Health System, One Gustave L. Levy Place, Box 1023, New York, NY 10029;**

     **(b)**     **See medical records;**

     **(c)**     █████████

**A.6.III.**     **(a)**     **Northern Westchester Hospital, 400 East Main Street, Mount Kisco, NY 10549;**

| | | |
|---|---|---|
| **(b)** | **See medical records;** | |
| **(c)** | **Mesothelioma.** | |
| **A.6.IV.** | **(a)** | **CareMount Radiology, 34 South Bedford Road, Mount Kisco, NY 10549;** |
| | **(b)** | **See medical records;** |
| | **(c)** | ███████. |

7.      State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of

the diagnosis.

**A.7.    Plaintiff has sustained a number of asbestos-related injuries, including, but not limited to mesothelioma, pain and suffering, mental and emotional distress, frequent shortness of breath, weight loss, loss of appetite, difficulty breathing, fatigue, sputum production and related sequelae.  As indicated in Plaintiff's medical records, at various and numerous times, Plaintiff has experienced a variety of different and differing symptoms related to his injuries, which are numerous and frequent.  At this time, Plaintiff is unable to state the precise date when the various symptoms might have first occurred. See medical records for date of diagnosis and name of diagnosing physician.**

8.      Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions, including the date and basis therefore.

**A.8.** **Plaintiff has experienced severe shortness of breath, weight loss, difficulty breathing, and fatigue, among other things. Plaintiff's asbestos-related condition has totally disrupted his life, totally limited him in his everyday activities, interfered with him living a normal life, caused him fear, emotional distress, pain, suffering, discomfort, and inconvenience. His ability to do any tasks that require any physical exertion, including walking, have been extensively diminished. Plaintiff's ability to work has been severely diminished since his diagnosis.**

9.  Have you ever had any biopsies or tissue samples taken? If so, please state for each such procedure:

      (a)    the name of the physician performing such procedure;

      (b)    the address where such procedure was performed;

      (c)    the date when such procedure was performed; and

      (d)    the results, conclusions, and/or diagnosis arising from such procedure.

**A.9.I.** **(a)** **Scott Berger, M.D.;**

      **(b)** **CareMount Medical, 34 South Bedford Road, Mount Kisco, NY 10549;**

      **(c)** **August 2017;**

      **(d)** **Diagnosis of** ▮▮▮▮▮▮

10.  Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:

      (a)    the dates and places;

      (b)    the reasons;

      (c)    the results and/or diagnosis resulting therefrom;

      (d)    the location of all chest X-ray films and CT Scans; and

      (e)    provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

**A.10.**   **(a)**     **Plaintiff has had chest x-rays and/or CT Scans taken at CareMount Medical, but medical records may or may not reflect others.**

    **(b)**     **See medical records;**

    **(c)**     **See medical records;**

    **(d)**     **Chest x-ray films and CT Scans should be in the possession of the respective doctors and hospitals;**

    **(e)**     **Authorizations have been provided to RecordTrak.**

11.     Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances thereof.

    (a)     acids

    (b)     aluminum

    (c)     arsenic

    (d)     barium

    (e)     beryllium

    (f)     butanol

    (g)     cadmium

    (h)     carborundum

    (i)     chloroethylene

    (j)     chlorine

    (k)     chromate

    (l)     chromite

    (m)     chromium

(n)   coal dust (coal)

(o)   coal tar

(p)   cotton dust

(q)   epoxy

(r)   ethanol

(s)   grinding dust

(t)   iron

(u)   isocyanates

(v)   isopropanol

(w)   lead

(x)   live chickens

(y)   manganese

(z)   nickel

(aa)  nitrogen dioxide

(ab)  nuclear radiation

(ac)  ozone

(ad)  petroleum distillates

(ae)  phosgene

(af)  radiation

(ag)  silica

(ah)  titanium

(ai)  toluene

(aj)  welding smoke or fumes

(ak)  zylene

(al)   zinc.

**A.11.  Objection: vague, overly broad and ambiguous.  Plaintiff does not recall being exposed to any other substances listed on a regular basis.**

12.   Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, of any other tobacco substance, from birth to the present time?  If so, state the following:

(a)   the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);

(b)   the dates during which you used each such product;

(c)   the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);

(d)   whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and

(e)   whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

**A.12.  No.**

13.   For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

     (a)     the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

     (b)     the dates during which they used each such product.

**A.13.  No.**

14.    Do you presently consume or have you in the past consumed alcoholic beverages; if so, state the following:

     (a)     the type of alcoholic beverages consumed;

     (b)     the dates during which you consumed each such alcoholic beverage;

     (c)     the amount of such beverage you consumed each day; and

     (d)     whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages;

**A.14.  Plaintiff drinks wine occasionally, but never on a regular basis.**

15.    Have you ever been a member of the Armed Forces of the United States?  If so, state the following:

     (a)     the branch of the service, serial number, and highest rank held;

     (b)     the beginning and ending dates of your military service;

     (c)     the type of discharge that you received; and

     (d)     whether you sustained any injuries or incurred any illness during military service.;

     (e)     if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

**A. 15. No.**

16.     As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following:

(Use attached Chart A)

Include on the Chart all employers where you have worked, and all job sites, regardless of whether or not you believe you were exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

**A. 16. See Chart A.**

17. Please state the following with respect to each asbestos-containing product identified on Chart A:

(a)     the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

(b)     the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

(c)     the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

**A. 17. See Chart A.**

18.     If you have retired from your employment, set forth the following:

(a)     whether said retirement was voluntary or involuntary;

(b)     the effective date of said retirement;

(c)    the name of your employer at the time of retirement;

(d)    the reason for your retirement;

(e)    whether your retirement was related to any claimed asbestos-related injury; and

(f)    the amount of pension and/or retirement benefits you are receiving or entitled to receive.

**A.18. Not Applicable.**

19.    State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's asbestos-containing materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following:

(a)    As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:

    i.    Name of Employer;

    ii.    Dates of employment;

    iii.    Asbestos-related job site and address where Bankrupt Entity's products were being used;

    iv.    Dates you were at the job site;

    v.    Job duties at the particular job site;

    vi.    Bankrupt Entity's asbestos-containing materials or products to which you were exposed.

    vii.    Other companies using Bankrupt Entity's asbestos-containing materials or products at the jobsite; and

        viii.    Whether you received any warnings with respect to the use of said product and the nature of those warnings.

    (b)    If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:

        i.    the date, location and circumstances; and

        ii.    the type of product and the name of the manufacturer, distributor, and miner.

**A.19.  Subject to the foregoing general objections, Plaintiff responds as follows; Plaintiff is not currently aware of exposure to any bankrupt companies' asbestos containing products.**

20.    If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing products at any time other than in the scope of your employment, state for each such exposure:

    (a)    the date, location and circumstances; and

    (b)    the type of product and the name of the manufacturer, distributor, and miner.

**A.20.  Plaintiff recalls renovations performed at his residence at 247 W. 121st Street, New York, NY where he lived from 1939 to approximately 1963, including construction and repair work on their brownstone apartment building, including, but not limited to, the installation of a firewall, replacement and maintenance on the boiler and plumbing work, and a complete bathroom renovation. Plaintiff lived in the house while this work occurred but was not involved or directly present while work was performed. Investigation into the details of these renovations, including the manufacturers of the asbestos-containing products to which the Plaintiff was exposed, is ongoing.**

**Plaintiff believes he was exposed to asbestos-containing products during the construction and renovation performed at his residence at 95 Deerfield Lane North in Pleasantville, NY where he lived from approximately 1981 to present. Plaintiff was present during the construction of the house and, throughout the 1980's, Plaintiff performed various construction and repair work on his Pleasantville home, including, but not limited to, the addition of two bedrooms and bathroom in the basement of the home. This project involved the installation of an electrical system,**

including light fixtures and electrical equipment manufactured by Progress Lighting Company, Lightolier, and Leviton. He also recalls installing, maintaining, and removing floor tiles manufactured by Azrock in the basement of the home. Investigation into the details of these renovations, including the manufacturers of additional asbestos-containing products to which the Plaintiff was exposed, is ongoing.

21.    Have you ever been a member of any labor union? If so, state:

    (a)    the name and address of each local, national and international labor union;

    (b)    the inclusive dates of your membership; and

    (c)    any positions you have held with each such labor union, and the dates during which you held such positions.

**A.21   Yes.**

    **(a)    Patrolmen's Benevolent Association ("PBA"); Address: Unknown**

    **(b)    Approximately 1963 – 1970;**

    **(c)    Not Applicable. / Plaintiff did not hold any position at the PBA.**

22.    State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or asbestos-containing products, and if so, identify:

    (a)    each such warning, directive, notification, direction, instruction, or information;

    (b)    the means by which such was given to you;

    (c)    the source and the date on which it was received by you; and

    (d)    your response or reaction, including any complaints made or changes in work habits.

**A.22.  Plaintiff was not aware of the dangers of asbestos until he saw it in the news in the 1980's or 1990's.**

23.    State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

      (a)    the period of time during which said items were available;

      (b)    what instructions were given with regard to the use of each of said items;

      (c)    whether you used said items and the dates of your use;

      (d)    whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

**A.23.  No.**

24.    If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

      (a)    date of commencement of any loss or impairment;

      (b)    the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

      (c)    if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

      (d)    your total earnings for the period of three years prior to the commencement of any loss or impairment;

     (e)    the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

     (f)    the date on which any loss or impairment ended; and

     (g)    your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

**A.24.**

     **(a)**    **August 2017;**

     **(b)**    **Grimes and Zimet, 45 South Greeley Avenue, Suite 4 2nd Floor, Chappaqua, NY 10514;**

     **(c)**    **Not Applicable;**

     **(d)**    **To Be Provided;**

     **(e)**    **August 2017 to present. This amount is ongoing;**

     **(f)**    **Not Applicable;**

     **(g)**    **Not Applicable.**

25.    Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment? If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

**A.25. Not Applicable**

26.    For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

     (a)    the name, address, sex, age and relationship; and

(b)     the amounts you contributed during the last ten years for support and assistance.

**A.26.I (a)     Linda Phelps; 95 Deerfield Lane North, Pleasantville, NY; Female; 67 years old; Partner**

**(b)     Total support**

**A.26.II (a)     John J. Grimes; 95 Deerfield Lane North, Pleasantville, NY; Male; 31 years old; Child.**

**(b)     Total support.**

27.     State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

**A.27.  Plaintiff's expenses are ongoing; bills regarding expenses will be reviewed to determine if applicable, and if so, will be provided at a later date.**

28.     Identify and give the substance of all written statements, recordings, or videotapes which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any witness (provided such information is in plaintiff's possession, custody or control and/or such statements, recordings or videotapes are not protected by the attorney-client privilege) in the above-captioned matter.

**A. 28.  None.**

29.     Have you ever made any claim for, or received any, health or accident insurance benefits, social security benefits, state or federal benefits for disabilities, workers' compensation benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or

suits, Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance benefits, or early payment from any public or private pensions due to disability or your medical condition? If so, state the following:

    (a)    the date and place where each such claim was made;

    (b)    the name and nature of the entity with which the claim was made;

    (c)    any identifying number, such as a docket or petition number, for each claim;

    (d)    the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

    (e)    the nature of the claim;

    (f)    whether you were examined by a physician and if so, the name and address of that physician;

    (g)    the result of such claim, including the amount realized by way of settlement, judgment or award upon the claim;

    (h)    the name and address of any attorney who represented you with regard to such claims; and

    (i)    whether you are presently receiving such benefits.

**A.29. No.**

30.    State the following with regard to your asbestos-related legal action:

    (a)    Did you file an asbestos-related claim in more than one (1) jurisdiction;

    (b)    Identify all of the jurisdiction(s) where an asbestos-related claim has been filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

(c)     Did you file your asbestos-related claim(s) under more than one (1) Index Number; and

(d)     Provide all of the Index Numbers for all of your asbestos-related claim(s), including all multiple Index Numbers for Claims filed in New York County.

**A.30.   Subject to the foregoing general objection, plaintiff responds as follows:**

**(a)     No; Plaintiff's claims have only been filed in Supreme Court, New York County,**

**(b)     Supreme Court of New York, New York County;**

**(c)     Yes;**

**(d)     Index Nos.: 190292/2017 & 190291/2017[1]**

31.     State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settled from a Bankrupt Entity. If so, for each claim state the following:

(a)     the date and place where each such claim was made;

(b)     the name and nature of the entity with which the claim was made;

(c)     any identifying number, such as a docket or petition number, for each claim;

(d)     the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

(e)     the nature of the claim;

(f)     whether you were examined by a physician and if so, the name and

---

[1] A copy of the Summons and Complaint for Plaintiff's asbestos-related claim filed under Index Number 190291/2017 and a copy of the interrogatories served in the claim filed under Index Number 190291/2017 are attached hereto as Exhibit A.

address of that physician; and

(g)    whether you received any compensation as a result of such claim, but not the amount.

**A.31.  Subject to the foregoing general objection, plaintiff responds as follows: No.**

32.    State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

**A.32.  Subject to the foregoing general objection, plaintiff responds as follows: As of the present time, plaintiff has neither applied to any Bankrupt Entity or Bankruptcy Court to lift the stay nor otherwise attempted to join a Bankrupt Entity to this action because any such action would be contrary to federal law which provides that plaintiff is barred from proceeding against any Bankrupt Entities in this action. Further, any such action would force the Bankrupt Estate or Settlement Trust to unnecessarily incur litigation costs, thereby causing an unnecessary drain on trust assets that are designed to benefit asbestos victims.**

33.    Have you or your spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding? If so, please state:

(a)    whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

(b)    the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

(c)    the nature of the charges or claims and, if you or your spouse were a witness, the subject matter of the testimony; and

    (d)    the disposition of the case.

**A.33. Yes.**

    **(a)    Defendant;**

    **(b)    Johnson v. Grimes;**

    **(c)    Claim for Money Damages;**

    **(d)    Dismissed.**

    **Plaintiff has also been a witness at various times during his law enforcement career.**

34.    Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts? Specify "Yes" or "No" only.

**A.34. No.**

35.    Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

**A. 35. None.**

36.    Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

**A.36. Myself.**

# REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to paragraph 19 of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.

You are hereby requested to produce the following documents and things:

1. All documents identified in your answers to these interrogatories.

**R.1. Such documents will be produced, to the extent required by the relevant rules.**

2. All documents relating to the plaintiff's job qualifications and professional licenses held.

**R.2. At this time, plaintiff has no such documents in his personal possession.**

3. All documents relating to the plaintiff's membership in any labor trade association or professional organization.

**R.3. At this time, plaintiff has no such documents in his personal possession.**

4. All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

**R.4. At this time, plaintiff has no such documents in his personal possession.**

5. All documents relating to any claim or demand ever made by the plaintiff for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

**R.5.   At this time, plaintiff has no such documents in his personal possession.**

6.      All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

**R.6.   Plaintiff has no such documents in his personal possession.**

7.      All documents in plaintiff's possession, custody or control relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

**R.7.   Plaintiff has no such documents in his personal possession.**

8.      All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products, and/or asbestos-containing materials.

**R.8.   Plaintiff has no such documents in his personal possession.**

9.      All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

**R.9.   Plaintiff objects on the grounds that such request seeks information that is over-broad and not material or necessary to this litigation.**

10.     All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to

this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

**R.10. Objection. Attorney/client privilege; work product privilege.**

11. All records in plaintiff's possession, custody or control relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

**R.11. At this time, plaintiff has no such documents in his personal possession.**

12. All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel made after an attorney-client relationship has been established and attorney work product need not be produced or identified.

**R.12. Objection. Attorney/client privilege; work product privilege.**

13. All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

**R.13. At the present time Plaintiff is unaware of any such documents in his personal possession; in the event that any exist, they will be produced.**

14. Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

**R.14. Expenses are being reviewed. See interrogatory response A.27.**

15.     Copies of all reports, correspondence and records from any doctor who has

examined the plaintiff, any hospital where the plaintiff has been treated either as

an inpatient or as an outpatient, except for any reports, records, correspondence,

or communications issued by any consulting physicians who have been retained or specially

employed in anticipation of litigation or preparation for trial and who are not expected to be

called as a witness at trial.

**R.15. Medical authorizations have been provided to RecordTrak, 651 Allendale Road,**

**King of Prussia, PA 19406 to procure these records.**

16.     All tissue specimens, tissue slides, and x-ray films and CT scans pertaining to the

plaintiff.

**R.16. Medical authorizations have been provided to RecordTrak, 651 Allendale Road,**

**King of Prussia, PA 19406 to procure the relevant materials.**

17.     Copies of plaintiff's income tax returns for the last ten years of plaintiff's

employment and up to the current year as well as any other documents, including

economic loss reports, upon which plaintiff relies in support of his claims.  If loss

of earnings or earning capacity is alleged or claimed to have occurred before the

current year, include copies of the income tax returns of the plaintiff from ten

years prior to the claimed loss and up to the current tax year.

**R.17. Authorizations have been provided to RecordTrak, 651 Allendale Road,**

**King of Prussia, PA 19406 to procure these records.**

18.     Any asbestos and/or asbestos-containing products or product packaging of the

type to which the plaintiff alleges exposure and which the plaintiff has in his

possession, custody or control.

**R.18.  Plaintiff has no such documents in his personal possession.**

19.     All photographs, charts, drawing, diagrams or other graphic representations depicting work conditions at work sites where the plaintiff claims the plaintiff was exposed to asbestos or asbestos-containing products.

**R.19.  Plaintiff has no such documents in his personal possession.**

20.     All invoices, bills, statements and any other writings or records which the plaintiff contends evidence the sale of any products containing asbestos to the place of the plaintiff's employment at which plaintiff claims that plaintiff was exposed to asbestos.  This does not include documents in the possession, custody or control of plaintiff's attorney unless such documents were provided by plaintiff to his/her attorney and are not privileged.

**R.20.  At this time, plaintiff has no such documents in his personal possession.**

21.     Any written advice, publication, warning, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the products in the possession, custody or control of the plaintiff.

**R.21.  Objection.  Work product, over-broad, unduly burdensome and irrelevant.  Subject to this objection, appropriate exhibit and witness lists will be provided at the appropriate time.**

22.     Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

**R.22.  At this time, plaintiff has no such documents in his personal possession.**

Dated:     New York, New York
           October 18, 2017

PHILLIPS & PAOLICELLI, LLP

Brendan J. Tully
*Attorneys for Plaintiff*
747 Third Avenue, 6th Floor
New York, NY  10017
T: (212) 388-5100
F: (212) 388-5200
btully@p2law.com

**AMENDED CHART A**

**JOBSITE-SPECIFIC EXPOSURE HISTORY**

**Re: John J. Grimes**

| Name of Employer | Dates of Employment | Asbestos related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers |
|---|---|---|---|---|---|---|---|---|
| A&P Supermarket | Approx. 1957 – 1958 | 8th Avenue & 23rd Street | Approx. 1957 – 1958 | Cashier | No known asbestos exposure. | No known asbestos exposure. | | |
| Brooklyn Navy Yard | Approx. 1958-1963 | Brooklyn, New York Brooklyn Navy Yard: - Shop 56 - USS Constellation - Various Destroyers | Approx. 1958 – 1963 | Apprentice Coppersmith | Plaintiff worked with and was exposed to various asbestos-containing products and materials both in the shipyard and onboard ships, including throughout the boiler rooms and all engineering spaces, during his employment as an apprentice coppersmith. Plaintiff cannot presently identify all of the manufacturers of such products and equipment but states that he would have been exposed to all such products manufactured and used during the period he worked at this site. Plaintiff may further | Plaintiff was exposed to asbestos when he worked in the vicinity of others who handled and/or worked with various types of asbestos-containing products and materials when working on ships, including throughout the boiler rooms and all engineering spaces, and in shipyards. Plaintiff cannot presently identify all of the manufacturers of such products and equipment but states that he would have been exposed to all such products manufactured and used during the period he worked at this site. Plaintiff may further rely upon the testimony of coworkers and other evidence demonstrating the presence of various manufacturers' products at various sites. Plaintiff recalls the following | Investigation is ongoing at this time. | |

---

[1] ACM - Asbestos Containing Materials of Products.
[2] Identify brand and manufacturer names, if known.

(00035052)

**AMENDED CHART A**

**JOBSITE-SPECIFIC EXPOSURE HISTORY**

**Re: John J. Grimes**

| Name of Employer | Dates of Employment | Asbestos related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM[1] Used Personally | Other ACM[2] to Which You Were Exposed | Other Workers on Jobsite including supervisor | ACM identified by Such other workers |
|---|---|---|---|---|---|---|---|---|
| | | | | | rely upon the testimony of coworkers and other evidence demonstrating the presence of various manufacturers' products at various sites.<br><br>Plaintiff recalls the following products:<br><br>**Boilers:**<br>Foster Wheeler<br><br>**Valves:**<br>Crane<br>Rockwell | products:<br><br>**Boilers:**<br>Foster Wheeler<br><br>**Pumps:**<br>Crane<br>Ingersoll Rand<br>Rockwell<br><br>**Turbines:**<br>Westinghouse<br><br>**Compressors:**<br>York | | |
| NYPD | 1963 - 1973 | Various locations in the Bronx & Manhattan | 1963 - 1973 | Patrol, Investigator and Supervisor | No known asbestos exposure. | No known asbestos exposure | supervisor | |
| Shea and Gould | 1974 – 1977 | 330 Madison Avenue | 1974 – 1977 | Litigation Associate | No known asbestos exposure. | No known asbestos exposure. | | |

# AMENDED CHART A
## JOBSITE-SPECIFIC EXPOSURE HISTORY

### Re: John J. Grimes

| Name of Employer | Dates of Employment | Asbestos related Jobsite & Address | Dates You Were at Jobsite | Job Duties | ACM Used Personally | Other ACM to Which You Were Exposed[2] | Other Workers on Jobsite including supervisor | ACM identified by Such other workers |
|---|---|---|---|---|---|---|---|---|
| Trans World Airlines | 1977 – 1986 | 360 Third Avenue | 1977 – 1986 | Litigation/VP – Worldwide Security | No known asbestos exposure. | No known asbestos exposure. | | |
| NYPD | 1986 – 1989 | 1 Police Plaza | 1986 – 1989 | Assistant Deputy Commissioner/ General Counsel – Civilian Complaint Review Board | No known asbestos exposure | No known asbestos exposure | | |
| Grimes and Zimet | 1990 – Present | 45 South Greeley Avenue, Chappaqua, NY | 1990 – Present | Founder/ Partner | No known asbestos exposure | No known asbestos exposure | | |