```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| John Grimes & Linda Phelps,<br><br>Plaintiffs,<br><br>—v—<br><br>CBS Corporation, et al.,<br><br>Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: JUN 2 1 2018<br><br>17 Civ. 8361 (AJN)<br><br>MEMORANDUM OPINION &<br>ORDER |

ALISON J. NATHAN, District Judge:

Defendant Crane Co. ("Crane") moves to require joinder of necessary parties under Rule 19. *See* Dkt. No. 7. For the following reasons, the motion is denied.

## I.  BACKGROUND

On October 3, 2017, Plaintiffs filed two lawsuits in New York state court against two different groups of defendants. One lawsuit was filed against 83 defendants, not including Crane, and alleged that Mr. Grimes developed mesothelioma as a result of exposure to Defendants' asbestos-containing products. *See* Dkt. No. 8, Ex. A (State Action). That action remains pending in New York state court. *See* Dkt. No. 9 (Crane Memo) at 2. The second action—the instant action—was filed against four other defendants, including Crane. *See* Dkt. No. 8, Ex. B (Complaint). Plaintiffs similarly alleged that Mr. Grimes developed mesothelioma as a result of exposure to Defendants' asbestos-containing products. *See id.* ¶ 3. On October 30, 2017, Defendants Foster Wheeler LLC and General Electric Company removed that case to federal court. Dkt. No. 1.

Crane moves for joinder of necessary parties under Rule 19 and requests that the Court require Plaintiffs to join in this action all defendants that Plaintiffs sued in the parallel state court action. *See* Dkt. No. 7; Crane Memo at 1. Crane argues that this lawsuit and the pending state court action "request the same relief, under substantially the same legal theories, for the same injuries, arising from the same alleged exposure to asbestos," and it contends that Plaintiffs pursued two lawsuits to segregate defendants like Crane who could remove the case to federal court from those who could not. Crane Memo at 1-2. Plaintiffs admit to segregating defendants to avoid the possibility of removal, but they emphasize that joinder is still not appropriate. *See* Dkt. No. 18 (Pl. Memo) at 3.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 19(a), a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if either (1) "in that person's absence, the court cannot accord complete relief among existing parties," or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[1] Fed. R. Civ. Proc. 19(a)(1). "[W]hile courts in different forums may certainly reach different results, '[i]nconsistent obligations are not, however, the same as inconsistent adjudications or

---

[1] Neither Crane nor Plaintiffs contend that joinder of the state court defendants would deprive this Court of jurisdiction, so the Court does not consider whether the state court defendants are "indispensable" parties under Rule 19(b). *See* Pl. Memo at 4. In any event, because the Court concludes that the state court defendants are not necessary under Rule 19(a), it need not decide whether their absence would warrant dismissal under Rule 19(b).

2

results.'" *Nelligan v. Cmty. Gen. Hosp.*, 240 F.R.D. 123, 125 (S.D.N.Y. 2007) (second alteration in original) (quoting *Delgado v. Plaza Las Ams.*, 139 F.3d 1, 3 (1st Cir. 1998)). Inconsistent obligations exist only "when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.* (quoting *Delgado*, 139 F.3d at 3).

## A. Risk of Increased Obligation

Crane contends that joinder of the state court defendants is necessary because if they are absent from this action, Crane will, if found to be at fault, incur greater liability than it would if those defendants had been joined. *See* Crane Memo at 4-7. Crane insists that joinder under Rule 14 is an inadequate solution. *See id.* at 8-10. Plaintiffs dispute that contention, and they emphasize that Crane could pursue a subsequent contribution action against any of the state court defendants, if necessary. *See* Pl. Memo at 4-8. Plaintiffs also emphasize that it is unnecessary to name every joint tortfeasor in one action. *See id.* at 5.

As Plaintiffs note, "it is not necessary for all joint torfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (per curiam); *see also Allen v. Devine*, 670 F. Supp. 2d 164, 169 (E.D.N.Y. 2009) (concluding that joint tortfeasors were not necessary parties under Rule 19(a) "with respect to the plaintiff's requests which may involve joint and several money damages"); *Nelligan*, 240 F.R.D. at 125 ("A long-standing principle of federal law is that a plaintiff does not need to include all joint tortfeasors as defendants in a single lawsuit."); *Crowthers McCall Pattern, Inc. v. Lewis*, 129 B.R. 992, 1003 (S.D.N.Y. 1991) ("[J]oint tortfeasors are not necessary parties since their liability is both joint and several.").

In a case similar to this one, *In re Brooklyn Navy Yard Asbestos Litigation*, 971 F.2d 831 (2d Cir. 1992), thousands of individuals brought suit alleging that they had been exposed to asbestos while working at the Brooklyn Navy Yard. *See id.* at 835. The case proceeded to trial, and the jury rendered 52 verdicts in favor of the plaintiffs. *Id.* at 836. The jury attributed shares of responsibility to some tortfeasors, like nondisverse tortfeasors, that were not parties to the action. *See id.* at 844. The district court gave the parties "wide latitude to introduce evidence to establish who substantially contributed to the alleged injuries, allowing the defendants to argue that the damages were caused at least in part, if not entirely, by other manufacturers not present at trial." *Id.* at 844-45 (internal quotation marks omitted). The district court then included on the verdict sheets "all possible asbestos-supplying tortfeasors, in keeping with the evidence introduced and with New York practice." *Id.* at 845. Once the jury had completed the verdict sheets, the district court reallocated the shares of fault attributed to bankrupts and nonparties to the non-settling defendants. *Id.* The Second Circuit approved of that process, reasoning that New York law "does not by its terms allow further reductions for the fault of bankrupts and non-parties." *Id.* The Second Circuit noted that "[h]olding non-settling defendants jointly and severally liable for the share of responsibility attributed to bankrupts and nonparties works some unfairness to the defendants who are thus held accountable for more than their fair share of fault," but explained that New York law "does not provide any basis for deviating in this situation from the traditional rule of joint and several liability." *Id.* It also observed that non-settling defendants would "not necessarily . . . bear the entire brunt of the reallocation" of fault: "[N]on-settling defendants who pay more than their equitable share retain the right to pursue reimbursement from bankrupt or absent joint tortfeasors." *Id.*; *see also Crowthers McCall*

4

*Pattern, Inc.*, 129 B.R. at 1003 ("A tortfeasor, if found liable, can seek contribution from a joint tortfeasor.").

Under well-established law, therefore, Plaintiffs "d[id] not need to include all joint tortfeasors as defendants in a single lawsuit." *Nelligan*, 240 F.R.D. at 125. If Crane, like the non-settling defendants in *Brooklyn Navy Yard*, is required to pay more than its equitable share, it has the right to pursue reimbursement from absent joint tortfeasors. *See* N.Y.C.P.L.R. §§ 1401-1403.

Crane insists, however, that maritime law applies to this action and that, under maritime law, "fault must be allocated among the parties at trial and settling parties," Crane Memo at 5, such that "denying joinder of the parties . . . will almost certainly result in a gross 'over-allocation' of responsibility to Crane Co. should it be found at fault," *id.* at 6. The Court notes that federal courts applied New York state law in *Brooklyn Navy Yard*. *See, e.g., Brooklyn Navy Yard*, 971 F.2d at 845-46. However, the Court need not decide at this stage whether New York law or maritime law governs this action. First, it is not clear that, if maritime law applied, Crane would be unable to pursue contribution actions against the state defendants or that this Court would be unable to permit a jury to apportion fault among non-party entities. Crane cites to only one, non-binding case that expresses doubt "whether federal maritime principles permit a court to enter a judgment reflecting a jury's apportionment of damages among entities who were never named defendants in the lawsuit before the court and from whom plaintiff has received no compensation for his injuries."[2] *Garlock Sealing Techs., LLC v. Little*, 620 S.E.2d 773, 777 (Va.

---

[2] In its reply, Crane also cites *Murphy v. Florida Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311 (11th Cir. 2003), and *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182 (5th Cir. 2009). *See* Dkt. No. 21 (Crane Reply) at 9. In *Murphy*, the Eleventh Circuit explained:

2005); *see* Crane Memo at 6. Second, even if Crane were required to pay more than its fair share, the proportionate share approach recognizes that over-payment may occur in certain circumstances, such as when a defendant is insolvent. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 221 (1994). Thus that Crane may be required to "pay[] more than its apportioned share of liability," *id.*, if the state court defendants are not joined does not render those defendants necessary parties.

### B. Public Interest in Avoiding Multiple, Duplicative Lawsuits

Crane further contends that joinder is appropriate to protect the public interest in avoiding

---

> We must decide, under the proportionate share approach, whether [the settling defendant] is now entitled to have determined at trial the actual amount of the [plaintiffs'] damages and the parties' relative degrees of fault, all for the purpose of [the settling defendant] recovering from the [non-settling defendants] any amount that it 'overpaid' for its share of the damages in its settlement with the [plaintiffs].
>
> An essential tenet of [the proportionate share approach applied in maritime cases] is that when a tortfeasor settles a claim against it, but does not obtain a release for the other tortfeasors, it has settled only its proportionate share of the total damages, no more and no less. It follows that what remains, and all that remains, to be calculated is the compensation the nonsettling tortfeasors owe the plaintiff. Once that amount is determined at trial, the nonsettling tortfeasors are liable only to the plaintiff and only to the extent the trial verdict determines. Their trial-determined liability is in no way affected by a settling defendant's negotiated liability.

329 F.3d at 1314. *Murphy* is thus inapplicable to the facts of the present case. In *Lexington*, the Fifth Circuit observed that "the *McDermott* advantages of judicial economy and clearer presentation argue in favor of having proportionate fault and the extent of damages determined in one proceeding with all relevant parties present, at least where that is reasonably possible." 567 F.3d at 186. But the court went on to note that the defendant could have filed a motion under Rule 14 to join another party to the action as a co-defendant, "thereby placing all joint tortfeasors before the court simultaneously." *Id.* at 187. *Lexington* thus supports the conclusion that Crane could pursue joinder under Rule 14.

6

duplicative litigation. Crane Memo at 7-8. Plaintiffs respond, "The fact that joining joint tortfeasors under Rule 19 may reduce the need for subsequent litigation does not mean that" joinder under Rule 19 is appropriate. Pl. Memo at 9.

Rule 19 does not direct the Court to consider the "public interest" or the risk of multiple lawsuits—as opposed to multiple *obligations*—when deciding whether a party is required to be joined as a party to an action. *See* Fed. R. Civ. Proc. 19(a). Accordingly, that joinder of the state-court defendants may be efficient does not make those defendants necessary parties.

## III. CONCLUSION

For the foregoing reasons, the motion for joinder is denied. This resolves Docket Number 7. The initial pretrial conference remains scheduled for August 10, 2018.

SO ORDERED.

Dated: June 21, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge