**TANENBAUM KEALE LLP**
*Attorneys at Law*



Dennis E. Vega
dvega@tktrial.com
973.820.1136

December 9, 2019

**VIA ECF**

Honorable Alison J. Nathan, U.S.D.J.
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 2102
New York, New York 10007

      RE:  *Linda F. Phelps, Adm'x of the Est. of John Grimes, et al.*
            Civil Action Number: 1:17-cv-08361-AJN

Dear Judge Nathan:

      Our Firm represents defendant Foster Wheeler, LLC ("Foster Wheeler") in the above-referenced matter. Pursuant to the Court's individual practice rules in civil cases, Rule 1.C, and 2.C, we seek the Court's intervention to strike or limit certain portions of the opinions of Plaintiff's expert, Captain Lowell that were not contained within his original report and were disclosed well beyond the Court's September 22, 2019 deadline to submit written expert reports. After the parties exchanged their respective written expert reports, the Court's Scheduling Order allowed the parties to conduct expert depositions until December 6, 2019. This discovery did not include, absent Court permission, the supplementation of expert opinions subject to the Court's September 22, 2019 deadline. As will be demonstrated below, Plaintiff has engaged in an effort to broaden the scope of Capt. Lowell's opinions far beyond those disclosed in his original report in violation of this Court's Order. Pursuant to your individual practice rules, on December 5, 2019, we reached out to plaintiff's counsel to meet and confer about their violation of this Court's order. No resolution of this issue was reached after we our meet and confer session on 4:00 p.m. on December 6, 2019.

**Deposition Notice of October 9th**

      Capt. Lowell's deposition was originally noticed for October 9, 2019. The deposition notice requested that Capt. Lowell produce enumerated reliance documents seventy-two (72) hours in advance of his deposition. On October 8, 2019 at 2:59 p.m., plaintiff's counsel advised the parties by email "that due to circumstances beyond our control the deposition of Cpt. Lowell needs to be adjourned." *See* **Exhibit A**, E-mail from Phillips & Paolicelli on 10/8/19. No reliance documents were produced at that time pursuant to the deposition notice. Capt. Lowell's deposition was rescheduled for October 23, 2019.

t 973.242.0002 | f 973.242.8099
Three Gateway Center, 100 Mulberry Street, Suite 1301
Newark, New Jersey 07102
www.TKTrial.com



t r i a l

NEW JERSEY | NEW YORK | PENNSYLVANIA | WASHINGTON

### Deposition of October 23rd

On October 22, 2019 at 6:14 p.m., the evening before Capt. Lowell's deposition, plaintiff's counsel sent the parties an e-mail containing "additional materials that Captain Lowell has relied upon and/or reviewed in connection with this matter." *See* **Exhibit B**, E-mail from Phillips & Paolicelli dated 10/22/19. These materials, however, identified various new vessels that had never been identified, discussed or been at issue throughout the two years that this case has been pending before Your Honor. Foster Wheeler objected to the use of these materials on the record. *See* **Exhibit C**, Capt. Lowell Deposition 10/23/19, page 15:10 to 15:20. At Capt. Lowell's deposition on October 23, 2019, we learned more about the abrupt adjournment of his deposition two weeks earlier. We learned that Capt. Lowell had been at Phillips & Paolicelli's office two weeks earlier on October 8th in preparation for his scheduled October 9th deposition. During that preparation session, Capt. Lowell was advised about certain inaccuracies in his report. Capt. Lowell requested additional materials, and also set out to conduct additional research on new vessels that Mr. Grimes never discussed in his five days of depositions. A brief examination of Capt. Lowell revealed that there was no discernible exposure connection between these newly produced vessels and Mr. Grimes. *See* **Exhibit C**, Capt. Lowell Deposition 10/23/19, pages 121:6 to 127:19.

Rather than seek leave to amend Capt. Lowell's report in the two weeks between the adjournment and rescheduled deposition date, Plaintiff sought to ambush defense counsel at the deposition by attempting to sneak these documents into the record through service of them the evening before his deposition.

Something curious, however, occurred at Capt. Lowell's deposition on October 23, 2019. During the deposition of Capt. Lowell on October 23, 2019 defense counsel were told that Capt. Lowell had a hard stop time in the early afternoon, and thus, we would not be able to complete his deposition that day. This appeared innocent at the time, and perhaps it was innocent.

### Deposition of December 4th

On December 3, 2019 at 3:57 p.m., the afternoon before Capt. Lowell's continued deposition, plaintiff's counsel sent the parties by email, the following materials:

1. Supplemental Report of Capt. Lowell, dated 12/3/19 (411 pages of exhibits);
2. Deck Log Books for USS Constellation (7 pages);
3. USS Constellation Histories 1962 (8 pages);
4. Fire Investigation Report for USS Constellation (842 pages).

*See* **Exhibit D**, E-mail from Phillips & Paolicelli dated 12/3/19. Once again, an objection was placed on the record at the December 4th deposition concerning the late and improper attempt to supplement Capt. Lowell's report and the improper use and reliance on new reliance documents without first seeking leave of Court (the parties have not received a copy of the transcript yet). The supplemental report was served well beyond the Court's September 22, 2019 deadline for written reports. Further, the reliance materials should

have been produced well in advance of the first day of Capt. Lowell's deposition. Instead, Plaintiff dumped more than one thousand pages of documents on defendants hours before the continuation of the deposition of Capt. Lowell was to commence. Upon further questioning of Capt. Lowell at the continuation of his deposition, it became apparent that the reason the first day of his deposition may have been adjourned abruptly was so that they could conduct further research, and expand his original report and testimony. With this new research, Capt. Lowell for the first time began discussing a "Post Shakedown Availability" and boiler floor warpage, which had never been raised during the two year pendency of this case, and which Mr. Grimes never discussed in his five days of testimony.

At no time did plaintiff's counsel ever consult with any of the defendants in this matter for consent to supplement the report of Capt. Lowell after the Court imposed deadline, or to expand the scope of Capt. Lowell's opinions beyond the four corners of his original report. Further, at no time prior to Capt. Lowell's testimony did plaintiff's counsel seek leave of court to supplement his report or expand his testimony.

### Friday, December 6th Meet & Confer

Pursuant to Your Honor's rules, we reached out to plaintiff's counsel to attempt to resolve this issue without Court intervention the day after the deposition on December 5, 2019. We discussed this matter on Friday, December 6, 2019, at 4:00 p.m., but plaintiff's counsel advised that he would not agree to limit or strike any portions of Capt. Lowell's testimony or reliance materials.

### Response to Plaintiff's December 6th Letter to Court[1]

On Friday evening at 5:24 p.m., plaintiff's counsel filed a letter with the Court (Doc. 85), seeking permission to serve a supplemental report, after they had already served the report. Plaintiff's counsel failed to comply with the Court's procedures to meet and confer before reaching out to the Court if those efforts failed. Instead, plaintiff's counsel essentially asserts to this Court that its September 22nd deadline for written reports was meaningless and not binding on them because they served the report, and more than 1,000 pages of documents, on defendants the day before the continuation of Capt. Lowell's deposition. Plaintiff's counsel asserts that "Defendants will in no way be prejudiced . . . since they were provided copies of the report . . . and had full opportunity to question him . . ." See Plaintiff's Letter (Doc. 85), dated December 6, 2019. This assertion is false, and plaintiff's gamesmanship by adjourning the deposition on two occasions to attempt to expand the record should not be rewarded.

Plaintiff attempts to equate the need for Foster Wheeler to substitute one of its experts due to his retirement, with plaintiff's gamesmanship. In no way are they equivalent. Furthermore, as soon as Foster Wheeler learned about the need to substitute

---

[1] We are aware that Your Honor has a three-page limit on letters to the Court. Since plaintiff filed a letter with the Court after Foster Wheeler followed the Court's rules to first meet and confer, we respectfully request that the Court permit us to exceed that three-page limit so that our application and response to Plaintiff's letter may be delivered in this single letter.

its expert, Foster Wheeler followed the Court's procedures by first meeting and conferring with counsel and only filing its letter motion after plaintiff's counsel refused to consent to the substitution. It was only after Foster Wheeler filed its letter motion for substitution, pointing out that Foster Wheeler had never requested an adjournment, yet had consented to seven of plaintiff's requests for adjournments that plaintiff's counsel consented (no less than seven plaintiff requested adjournments for a total of 357-days, <u>including a 43-day adjournment for plaintiff's written expert reports</u>).[2]

Plaintiff attempts to excuse the late disclosure of Capt. Lowell's supplemental report and late production of reliance materials based on newly discovered evidence – their own plaintiff's employment records. This is meritless. All the parties in this litigation have had access to Mr. Grimes' civilian personnel records since January 4, 2019, when they became available on the records retrieval service that is used by all parties. Plaintiff's counsel claims that the first time they saw these records was when they were produced by a defense expert. Regardless, they were available no later than January 4, 2019.

Even if the Court decides to excuse plaintiff's counsel for not accessing their own client's employment records that are at the heart of this case, plaintiff's argument that FRCP Rule 26 permits them 30 days to rebut another party's disclosure fails. Here, expert reports were disclosed on and before September 22, 2019. Mr. Grimes' civilian personnel records were mentioned in those disclosures. Accordingly, even pursuant to plaintiff's 30 day argument, plaintiff still failed to supplement timely within 30 days of September 22nd.

**WHEREFORE**, Foster Wheeler respectfully requests that this Court strike and bar testimony by Capt. Lowell with respect to any facts or opinions outside of the four corners of his expert report served in accordance with this Court's September 22, 2019 deadline. If the Court allows plaintiff to supplement the record, Foster Wheeler requests a forty-five (45) day extension to supplement its disclosures and the ability to re-depose Capt. Lowell. If the Court has any questions, requires additional information, or would like to discuss this matter further, we can arrange a conference call or appear in person.

> The Court grants Plaintiff's request, which it construes as a request to extend the deadline to serve an expert report *nunc pro tunc*. It also grants Foster Wheeler's request for a 45-day extension of the deadline for expert discovery solely for the purposes of supplementing its disclosures and re-deposing Captain Lowell. Expert discovery shall be completed by March 2, 2020. The parties shall submit a proposed briefing schedule for summary judgment and *Daubert* motions by February 3, 2020.
> SO ORDERED.

Respectfully,

TANENBAUM KEALE LLP

*Dennis E. Vega*
Dennis E. Vega

CC: Plaintiff's Counsel (via ECF)
Crane Co. (via ECF)

SO ORDERED:

1/17/20

/s/ Alison J. Nathan
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

---

[2] *See* Document 80, footnote 1 for complete list of adjournments requested plaintiff